**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3680
_____

MINDY JAYE ZIED-CAMPBELL,
                                                    Appellant

v.

ESTELLE RICHMAN, Secretary, Pennsylvania Department of Public Welfare;
FREDERICK LANDAU, Director, The York County Assistance Office;  DOES 1-25;
STEPHANIE LUDWIG, Supervisor, York County Assistance Office
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-04-cv-00026)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 23, 2011
Before:  FUENTES, GREENAWAY, Jr. and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 24,2011 )

_____

OPINION
_____

PER CURIAM

Mindy Zied-Campbell filed in the District Court a complaint against the

Defendant-Appellees, employees of the Pennsylvania Department of Public Welfare

("DPW") and the York County Assistance Office ("YCAO"), alleging that they violated her rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, Title IV of the ADA, 42 U.S.C. § 12203(a), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The District Court granted the defendants' motion for judgment on the pleadings in part and granted summary judgment as to the remaining claims. For the reasons that follow, we will affirm the District Court's orders.

I

The background and procedural history of this case are set forth in exhaustive detail in the Magistrate Judge's second report and recommendation. See D. Ct. Doc. No. 86, 1-11. Briefly, Zied-Campbell alleged that YCAO and DPW employees: (1) violated her rights under the ADA and the Rehabilitation Act by failing to provide reasonable accommodations in light of her disabilities,[1] and (2) engaged in retaliatory conduct, such as harassment and the denial of benefits, in violation of both Acts, because Zied-Campbell complained about their failure to provide reasonable accommodations. Zied-Campbell sued the defendants in their individual and official capacities, and sought both damages and injunctive relief. The District Court appointed Zied-Campbell counsel, who filed an amended complaint.

The defendants then filed a motion under Federal Rule of Civil Procedure 12(c),

---

[1] Zied-Campbell explained that she suffers from a number of mental health problems, including bipolar disorder and paranoid personality disorder.

2

seeking judgment on the pleadings. The District Court granted the motion in part, reasoning that: Zied-Campbell could not sue the defendants in their individual capacities under Title II or the Rehabilitation Act; the Rehabilitation Act did not provide a cause of action for retaliation; and Zied-Campbell could not assert a claim for damages for the defendants' alleged failure to accommodate her disability because Title II did not validly abrogate Pennsylvania's sovereign immunity.

After the District Court's order, then, Zied-Campbell's remaining claims were: a claim for injunctive relief against the defendants in their individual capacities for failing to accommodate Zied-Campbell's disability, in violation of Title II; a claim for injunctive relief and damages against the defendants in their individual capacities for failing to accommodate Zied-Campbell's disability, in violation of the Rehabilitation Act; and a claim for injunctive relief and damages against the defendants in their individual and official capacities for retaliating against Zied-Campbell, in violation of Title IV. The defendants filed a motion for summary judgment as to these remaining claims, and the District Court granted the motion. Zied-Campbell timely appealed. We granted the United States' motion to intervene.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's orders granting the motions for judgment on the pleadings and summary judgment. See Spence v. ESAB Group, Inc., 623 F.3d 212, 216 (3d Cir. 2010);

3

Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002).  We may affirm on any grounds supported by the record.  See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

The first issue raised on appeal is whether the District Court correctly concluded that sovereign immunity bars Zied-Campbell's claim under Title II of the ADA for damages against the defendant-appellees in their official capacities.  We decline the United States' invitation to vacate or reverse the District Court's decision as to sovereign immunity because, as the United States and the appellees argue, we may affirm the District Court's order on independent grounds.  That is, assuming without deciding that Title II validly abrogates Pennsylvania's sovereign immunity, Zied-Campbell's claim for damages would have lost at summary judgment for the same reason as her claim under Title II for injunctive relief.[2]

Next, Zied-Campbell argues that the District Court improperly denied her motion to further amend her amended complaint.  The decision whether to grant a plaintiff leave to file a second amended complaint is committed to the discretion of the District Court. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).  Zied-Campbell sought leave to

---

[2]  In granting summary judgment, the District Court set forth in exhaustive detail the facts at issue and its reasons for concluding that Zied-Campbell was not entitled to relief on any claim.  See D. Ct. Doc. Nos. 86, 134.  Given that the District Court's analysis of each claim was both meticulous and precise, and that Zied-Campbell has not challenged on appeal any aspect of the District Court's order granting summary judgment, we will go no further than to state our agreement with the District Court that summary judgment was appropriate as to all of Zied-Campbell's remaining claims.  We also note that Zied-Campbell has not otherwise challenged the District Court's order granting the motion for judgment on the pleadings.

amend her complaint after discharging appointed counsel. The District Court denied her request without prejudice, reasoning that she failed to comply with the District Court's Local Rules 7.1 and 7.5,[3] and afforded Zied-Campbell two weeks to file a compliant motion. Zied-Campbell failed to do so, instead filing a purported motion to reconsider, which again failed to comport with Local Rules 7.1 and 7.5. The District Court again afforded Zied-Campbell an opportunity to file a motion to amend that comported with the Local Rules, but she failed to do so. Given that Zied-Campbell twice failed to file a motion to amend satisfying the requirements of the District Court's Local Rules -- which have the force and effect of law, see Weil v. Neary, 278 U.S. 160, 169-70 (1929) -- we cannot say that she has demonstrated an abuse of discretion by the District Court.

Zied-Campbell also argues that the District Court somehow mishandled her case while she sought new counsel after her first two attorneys withdrew because they obtained new jobs. However, the only relief Zied-Campbell sought while trying to obtain new counsel was a stay of her proceedings, which the District Court granted. She does not allege any other defect and, on the record before us, we perceive no error in the District Court's conduct.

Finally, Zied-Campbell argues that Judge Kane should have recused because of

---

[3] Local Rule 7.1 requires that a certification of concurrence (or nonconcurrence) and a draft order accompany a motion. Local Rule 7.5 requires a motion to be supported by a separately-filed brief.

bias.  Although the District Court did not rule on Zied-Campbell's motion to recuse, we may address the issue on appeal because the record has been adequately developed, <u>see</u> <u>In re Kensington Int'l Ltd.</u>, 353 F.3d 211, 214 (3d Cir. 2003), and "the proper resolution is beyond any doubt." <u>Singleton v. Wulff</u>, 428 U.S. 106, 121 (1976).  The sole basis for Zied-Campbell's charge of bias is that the District Court made unfavorable rulings and mischaracterized some of Zied-Campbell's arguments.  However, judicial rulings alone are insufficient to warrant recusal, <u>see</u> <u>Liteky v. United States</u>, 510 U.S. 540, 555-56 (1994), and Zied-Campbell has offered no other reason to question Judge Kane's impartiality.

Accordingly, we will affirm the decision of the District Court.  Zied-Campbell's motion to amend the opening brief is denied because the materials she seeks to have considered are irrelevant to this appeal.  Zied-Campbell's motion to use her February 17, 2011 submission as a "supplemental opening brief" is denied as unnecessary.  Zied-Campbell sought to treat that filing as a supplemental opening brief solely to preserve her right to file a reply to the appellees' brief, but she has not done so.  Finally, Zied-Campbell's motion to file a supplemental appendix is denied as unnecessary because the documents she seeks to submit are already part of the record below.