**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2255
_____

DENNIS JOHN CAMPBELL,
                              Appellant,
v.

SOCIAL SECURITY ADMINISTRATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 09-cv-00453)
District Judge: Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2011

Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Opinion filed:  June 3, 2011)
_____

OPINION
_____

PER CURIAM

    Appellant Dennis Campbell has collected Social Security disability (SSDI)

benefits since 1999 for psychological problems.  Campbell first applied for disability

benefits in 1995; this application was denied.  Campbell also applied for benefits from

the Office of Workers' Compensation Programs.[1]  This application was rejected in July, 2008 for insufficient evidence of a job-related stress disorder.  To challenge that OWCP decision, and possibly also to challenge the current amount of his SSDI benefits and the denial of benefits in 1995, Campbell and his wife went to the Philadelphia office of the Social Security Administration ("SSA") in August, 2008 to review his complete agency file.  Specifically, Campbell was looking for information from his 1995 file, possibly including, but not limited to, his application, records from the County Mental Health Hospital in San Diego, a State of California disability determination, an SSA Form 831, a Psychiatric Review Technique Form, and the SSA's October 11, 1995 decision denying reconsideration.

The couple were not immediately successful in obtaining the information they wanted, because Campbell's records evidently were stored by the SSA in Baltimore, Maryland.  Campbell filed a civil action pro se in the United States District Court for the Middle District of Pennsylvania against the SSA, which was transferred to the Eastern District of Pennsylvania.  Campbell then filed an amended complaint, claiming violations of the Freedom of Information Act ("FOIA"), the Privacy Act, and the Social Security Act, as well as a violation of his procedural due process rights and unlawful retaliation. Campbell sought declaratory relief, money damages, and an order directing the SSA to produce his agency records.  The SSA filed a motion to dismiss the amended complaint, or, in the alternative, for summary judgment, in which it argued that Campbell's claims

---

[1] Campbell was terminated from his job with the United States Postal Service in March, 1992.

were now moot because it had since produced to Campbell all the documents – some 570 pages – associated with his Social Security number that the SSA could identify and retrieve. The SSA attached to its motion several affidavits from SSA employees detailing the thorough searches they conducted for Campbell's records.

Campbell opposed the SSA's motion, arguing that the documents produced did not include certain medical records he had submitted to the agency when he originally applied for benefits. The missing records raised Campbell's suspicions, and so he filed a motion to amend the complaint to add claims of fraud and fraudulent concealment against the SSA. The District Court granted this motion and denied the SSA's motion to dismiss without prejudice. Campbell then filed his Third Amended Complaint, adding new claims for retaliation for lawsuits filed by his wife; for a violation of the Social Security Independence Program Improvements Act of 1994; for fraud and fraudulent concealment; for violations of the Code of Federal Regulations; and for negligent failure to maintain records with accuracy.

The District Court issued an order giving the parties notice of its intent to convert the SSA's motion into one for summary judgment. See generally Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989) (District Court must give parties adequate notice that motion to dismiss would be converted to motion for summary judgment). The parties were given additional time to prepare, and eventually Campbell submitted a brief opposing summary judgment, as well as 64 supporting exhibits.

In an order entered on March 9, 2010, the District Court granted summary judgment to the SSA. The District Court noted that, with respect to the FOIA and

3

Privacy Act claims, Campbell was seeking his entire SSA file, including all of his medical records, but, although he was dissatisfied with the SSA's response, he had no evidence, direct or circumstantial, that the SSA was deliberately withholding any records. The court determined that Campbell's FOIA and Privacy Act claims were moot. With respect to his negligent maintenance of records claim, the District Court noted that a plaintiff seeking damages, must demonstrate that the agency's actions were "intentional or willful," 5 U.S.C. § 552a(g)(1)(C). The court then determined that Campbell had failed to bring forward any evidence that SSA had acted in a manner which was intentional or willful. Specifically, Campbell's assertion that his wife discovered some documents in her SSA file that should have been in *his* file, if true, established nothing more than negligence, and negligence is an insufficient basis for an award of damages under the Privacy Act.

The District Court determined that Campbell's remaining claims lacked merit. His due process claim against the agency was barred by the doctrine of sovereign immunity. Any claim under the Federal Tort Claims Act that the SSA intentionally and willfully withheld his records in retaliation for his wife having filed two lawsuits against the Commissioner of Social Security would have to first be presented to the agency, 28 U.S.C. § 2675(a), and Campbell had not complied with this prerequisite to suit. In addition, the statute allows for a recalculation of benefits only where fraud *on the part of the applicant* is suspected, 42 U.S.C. § 405(u)(1)(A). The Social Security Independence Program Improvements Act, 42 U.S.C. § 1320a-8, provides only that the Commissioner may seek money damages against anyone who makes false or misleading representations

4

during Social Security proceedings. Accordingly, Campbell's claims under those provisions were not cognizable. Last, none of the federal regulations cited by Campbell, which concerned the SSA's procedures for requests for medical records and procedures for receiving medical records, provided either a cause of action for damages, grounds for an order requiring the SSA to change its policies, or any authority to retroactively award disability benefits. Campbell appeals.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact is one that could change the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

In his brief, Campbell contends that the District Court wrongly concluded that he abandoned his FOIA claim in his Third Amended Complaint, erred in stating that the first time he noted that he suffers from serious psychological problems was in the Third Amended Complaint, erred in finding insufficient evidence to show that the SSA violated FOIA and the Privacy Act, erred in granting summary judgment to the SSA on the negligently maintained records claim, erred in addressing his retaliation claims, and erred by not expressly addressing his futility argument.

We will affirm. As a threshold matter, Campbell's contentions on appeal that the District Court wrongly concluded that he had abandoned his FOIA claim in the Third Amended Complaint, and erred in stating that the first time he noted that he suffers from

5

psychological problems was in the Third Amended Complaint, do not provide a basis for upsetting summary judgment in favor of the SSA. Whether or not the District Court thought it likely that the claim had been abandoned, the court fully analyzed Campbell's FOIA claim on the merits in reaching its mootness determination. Any error was thus harmless. Similarly, even if the District Court overlooked Campbell's references in his First Amended Complaint to his psychological impairments, any oversight was harmless because it had no bearing on any of the District Court's determinations.

We turn then to the main contentions on appeal. Both the Privacy Act and FOIA require federal agencies to permit individuals to gain access to certain records, and both create a private cause of action for the failure to do so. See 5 U.S.C. § 552a(g)(1) (Privacy Act); 5 U.S.C. § 552(a)(4)(B) (FOIA). We conclude that summary judgment for the SSA on the FOIA and Privacy Act claims was proper. With respect to documents that were produced, the action is moot. See OSHA Data/CIH, Inc. v. U.S. Dep't of Labor, 220 F.3d 153, 168 (3d Cir. 2000). To the extent that Campbell is dissatisfied with what was produced, to meet its burden to show that no genuine issue of material fact exists, the agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1350-51 (D.C. Cir. 1983). The question is whether the search for the documents requested was adequate. See id. at 1351. In demonstrating that the agency's search was adequate, the agency may rely on detailed, nonconclusory affidavits submitted in good faith. See id.

The affidavits submitted with the SSA's motion for summary judgment demonstrate that the agency's search was reasonable, just as the District Court concluded. We have carefully reviewed Campbell's 64 exhibits offered in opposition to the SSA's motion for summary judgment, and specifically those exhibits listed in his brief, see Appellant's Brief, at 14, but nothing in Campbell's exhibits supports his contention that the SSA withheld documents from him. The absence of a Form 831, a Psychiatric Review Technique Form, his treating psychiatrist's report, a State of California disability determination, and the other items Campbell believes should have been in an old file, does not establish, for purposes of defeating a summary judgment motion, that the SSA's search was not reasonable or that any documents were improperly withheld.

Campbell understandably contends that his SSA file was improperly maintained because it did not contain all of the items he believes should have been in his file. But, as the District Court noted, an action for damages for improperly maintained records must be based on evidence that the SSA's conduct was intentional or willful. A civil remedy is available whenever an agency "fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual … and consequently a determination is made which is adverse to the individual…." 5 U.S.C. § 552a(g)(1)(C). A plaintiff seeking damages under this section must demonstrate that the agency's actions were "intentional or willful." 5 U.S.C. § 552a(g)(4); Reinbold v. Evers, 187 F.3d 348, 361-62 (4th Cir. 1999). See also Waters v. Thornburgh, 888 F.2d 870, 876 (D.C. Cir. 1989) (an

7

act committed without grounds for believing it to be lawful, or by flagrantly disregarding others' rights, is intentional under the Privacy Act). As the District Court correctly concluded, there was no record evidence to support an assertion of willful or intentional conduct on the part of the SSA. Accordingly, summary judgment for the SSA was proper. Fed. R. Civ. Pro. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact …, the court may *** (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.").

Campbell also contends that the SSA's purported negligent maintenance of his records was in retaliation for his wife's lawsuits against the SSA. He argues on appeal that, contrary to the District Court's determination, he did in fact exhaust his FTCA administrative remedies with respect to his retaliation claims, see Appellant's Brief, at 15-16, and he informed the District Court in a pleading the court struck. We note that Campbell's Exhibit 57 is a February 3, 2009 letter to his wife from the SSA denying their billion dollar FTCA claim for tampering with his medical insurance, fabricating SSA internal memos, and contacting his minor child's school without permission, and advising that any appeal of the determination would lie in the appropriate federal district court. Nevertheless, this item does not necessarily establish that the retaliation claim itself was administratively exhausted.

In any event, we can affirm the District Court on any basis which finds support in the record, Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980). First, the District Court properly struck the Second Amended Complaint, wherein Campbell

8

actually raised an FTCA retaliation claim and asserted that he had exhausted his administrative remedies. "A party may amend its pleading once as a matter of course . . . before being served with a responsive pleading," Fed. R. Civ. Pro. 15(a)(1), but, after that, a party must have the opposing party's written consent or leave of court, see id. at 15(a)(2). Campbell had neither written consent nor a court order. Second, in granting summary judgment on the Third Amended Complaint, the District Court observed that Campbell offered no statutory basis for his retaliation claim. We agree that Campbell offered no statutory basis for his retaliation claim in his Third Amended Complaint. See Third Amended Complaint, at ¶¶ 92-98. The retaliation claim raised in the Third Amended Complaint was not expressly based on the FTCA, and thus it was unnecessary to reach the FTCA exhaustion question. As a constitutional claim, Campbell's allegations of retaliation cannot proceed because he sued only the Social Security Administration, and, as the District Court noted with respect to his procedural due process claim, a suit for damages against the United States without its consent is barred by the doctrine of sovereign immunity. See Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979). Accordingly, summary judgment on the retaliation claim was proper.

Campbell's contention on appeal that the District Court failed to discuss his futility argument does not provide a basis for overturning summary judgment. The basis of Campbell's contention is not completely clear from his brief, but we note that he argued in his Third Amended Complaint that it would be futile for him to exhaust administrative remedies under the Privacy Act. See Third Amended Complaint, at ¶¶ 68-

9

72. The District Court addressed Campbell's Privacy Act claim on the merits. It therefore was unnecessary for the District Court to discuss his futility argument.

Last, we agree with the District Court, for the reasons given by the District Court, that Campbell's claims for fraud and fraudulent concealment, and his claim under the Social Security Independence Program Improvements Act, are not cognizable, and that none of the SSA regulations cited by Campbell provide a basis in this lawsuit for retroactively awarding him disability benefits. To the extent Campbell seeks to challenge the SSA's 1995 and 1999 benefits decisions, section 405(g) of title 42 provides the exclusive avenue for judicial review of the SSA's determinations. See Califano v. Sanders, 430 U.S. 99, 108-09 (1977).

For the foregoing reasons, we will affirm the District Court's order awarding summary judgment to the Social Security Administration. Appellant's motion to file a supplemental appendix is granted. Appellant's motion to set aside and/or strike, etc., and motion for sanctions is denied.