**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2209
_____

MINDY JAYE ZIED-CAMPBELL; DENNIS JOHN CAMPBELL,
Appellants

v.

COMMONWEALTH OF PENNSYLVANIA; LINDA L. KELLY, OFFICE OF THE
ATTORNEY GENERAL; THOMAS W. CORBETT, JR., ATTORNEY GENERAL OF
THE COMMONWEALTH OF PA, IN HIS INDIVIDUAL CAPACITY AS
GOVERNOR AND OFFICIALLY & INDIVIDUALLY WHILE HE WAS IN
OFFICE AS THE FORMER ATTORNEY GENERAL, VOTED IN NOV 2004 AND
ON JAN 18, 2005 TOOK THE OATH OF OFFICE AS PA 5TH ELECTED ATT GEN;
PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE; GARY D. ANDERSON,
SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE;
THE PA CARLISLE DPW ASSISTANCE OFFICE; THE YORK COUNTY, PA
DPW ASSISTANCE OFFICE; PA DPW YORK COUNTY, PA - DOES 1-25; THE
PHILADELHIA,PA DPW BOULEVARD COUNTY ASSISTANCE OFFICE; PHILA,
DPW BOULEVARD COUNTY ASSISTANCE OFFICE DOES 1-25; THE
PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE HEARINGS & APPEALS
OFFICE; MICHAEL J. ASTRUE THE COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION; THE SOCIAL SECURITY ADMINISTRATION;
THE UNITED STATES COURT OF APPEALS FOR THE 3RD CIRCUIT (DOES 1-
25); PHYLLIS A. RUFFIN (PAR) CASE MANAGER OF THE U.S. CT. OF APPEAL
3RD CIRCUIT, (IN HER INDIVIDUAL CAPACITY UNDER BIVENS); PATRICIA S.
DODSZUWEIT CHIEF DEPUTY CLERK OF THE U.S. CT. OF APPEAL3RD
CIRCUIT, (IN HER INDIVIDUAL CAPACITY, UNDER BIVENS); JOEL M.
SWEET ASSISTANT UNITED STATES ATTORNEY, (IN HIS INDIVIDUAL
CAPACITY, UNDER BIVENS); JAMES J. WEST ATTORNEY AT LAW;
DEPARTMENTOF JUSTICE; UNITED STATES OF AMERICA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 11-cv-07544)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 15, 2013
Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 19, 2013 )
_____

OPINION
_____

PER CURIAM

Mindy Jaye Zied-Campbell and Dennis John Campbell, wife and husband, appeal pro se from the orders of the District Court dismissing their original and amended complaints. We will affirm, with the clarification that the District Court's dismissal is without prejudice to plaintiffs' ability to pursue certain state-law claims in state court.

I.

Zied-Campbell and Campbell, who allege that they suffer from various psychiatric disorders, have a long history of litigating claims concerning the administration of their federal and state medical and disability benefits. <u>See, e.g.</u>, <u>Zied-Campbell v. Richman</u>, 428 F. App'x 224 (3d Cir. 2011), <u>cert. dismissed</u>, 132 S. Ct. 464 (2011); <u>Campbell v. Soc. Sec. Admin.</u>, 446 F. App'x 477 (3d Cir. 2011), <u>cert. denied</u>, 132 S. Ct. 274 (2011). These efforts, which they have undertaken at times with the assistance of counsel, have proven largely unsuccessful. In <u>Richman</u>, for example, we affirmed the District Court's judgment in favor of various Pennsylvania state defendants on Zied-Campbell's claims under the Americans With Disabilities Act and the Rehabilitation Act of 1973. Zied-Campbell sought certiorari, but the United States Supreme Court dismissed her petition

under Supreme Court Rule 39.8.  See Zied-Campbell v. Richman, 132 S. Ct. 464 (Mem) (Oct. 17, 2011).  That rule provides that the Court may deny a motion to proceed in forma pauperis ("IFP") if it is satisfied that the certiorari petition is "frivolous or malicious."

Shortly thereafter, Zied-Campbell and Campbell ("plaintiffs") instituted the civil action at issue here by filing a motion for leave to proceed IFP along with a 247-page complaint.  By order entered March 2, 2012, the District Court granted them leave to proceed IFP but dismissed their complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiffs also filed a motion for leave to file an amended complaint.  By order entered March 6, 2012, the District Court dismissed that complaint pursuant to § 1915(e)(2)(B) as well.  Plaintiffs appeal from both orders.[1]

## II.

Plaintiffs' complaints both repeat the claims against various state and federal agencies they already have litigated and assert new claims allegedly arising from that litigation.  In dismissing the initial complaint, the District Court wrote that plaintiffs' claims "are either totally lacking in merit or are frivolous," noted the prolixity and general incomprehensibility of the complaint, observed that it raises many claims that have been rejected in plaintiffs' fifteen other civil actions, and concluded that the complaint "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  After reviewing plaintiffs' sprawling and unnecessarily repetitive

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  We read the District Court to have dismissed plaintiffs' complaint as frivolous under § 1915(e)(2)(B)(1), and we review that ruling for abuse of discretion.  See Denton v. Hernandez, 504 U.S. 25, 33 (1992).

complaint ourselves, we cannot say that the District Court abused its discretion in dismissing it. The vast majority of plaintiffs' claims and allegations are indeed devoted to matters that already have been decided. Plaintiffs point out three exceptions in their brief, but the dismissal of those claims was proper as well.

First, plaintiffs asserted various claims based on this Court's alleged handling of the Richman appeal and named this Court and certain of its current and former employees as defendants. (E.g., Compl. ¶¶ 94-296, 479-543, 796-848.) Plaintiffs allege that the manner in which those employees docketed and communicated with them about their filings caused them emotional distress and somehow prevented them from prevailing on appeal. Plaintiffs seek both monetary damages and other relief, such as reconsideration of their prior appeals. Plaintiffs' claims for damages are barred by judicial and quasi-judicial immunity, see Gallas v. Supreme Court of Pa., 211 F.3d 760, 772-73 (3d Cir. 2000), and their claims otherwise constitute an improper collateral attack on this Court's previous judgments. We thus agree that these claims are frivolous.

Second, plaintiffs alleged that the Pennsylvania Department of Public Welfare terminated Campbell's Medicare benefits in 2011 in retaliation for their filing of certiorari petitions, including in the Richman matter. (E.g., Compl. ¶¶ 763-776.) Plaintiffs, however, have neither pleaded nor argued on appeal anything suggesting that their allegations in this regard are plausible or that they could plead a plausible federal claim in an amended complaint. See Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180,

4

185 (3d Cir. 2009).[2]

Finally, plaintiffs asserted state-law malpractice claims against the three attorneys who represented them pro bono in the Richman matter. (E.g., Compl. ¶¶ 319-342, 680-688; Am. Compl. ¶¶ 351(z)-351(aa).) Plaintiffs did not invoke the District Court's diversity jurisdiction or plead anything suggesting that it might exist. To the contrary, plaintiffs allege that both they and these defendants are Pennsylvania residents. Thus, the only potential basis for federal jurisdiction over these claims would be supplemental jurisdiction under 28 U.S.C. § 1367. Because none of plaintiffs' purported federal claims survive the screening stage, however, there would have been no proper basis for the District Court to have exercised supplemental jurisdiction over these claims. See Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Thus, the dismissal of these claims ultimately was proper as well.[3]

---

[2] In a related vein, plaintiffs also allege that the Department wrongfully terminated their daughter's Medicare benefits in 2009 in retaliation for Zied-Campbell's filing of a notice of appeal in the Richman action. Plaintiffs, however, are not permitted to litigate pro se on behalf of their daughter in federal court. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). Plaintiffs also appear to allege that the Department violated state law in connection with the administration of Campbell's and their daughter's benefits. Nothing in plaintiffs' complaints suggests that they have a federal claim in that regard, but our ruling is without prejudice to plaintiffs' ability to assert this state-law claim in state court to the extent they might not already have done so. We express no opinion on the merits of these claims.

[3] The dismissal of these claims too is without prejudice to plaintiffs' ability to pursue them in state court. We express no opinion on the merits of these claims, but we note that there is no indication that their dismissal might prejudice plaintiffs' ability to file a claim within the statute of limitations. To the contrary, it appears that the limitations period may have expired before plaintiffs filed their complaint. The Pennsylvania statute of limitations for malpractice claims is two years and generally runs from the date of the alleged breach of duty. See Knopick v. Connelly, 639 F.3d 600, 606-07 (3d Cir. 2011).

5

For these reasons, we will affirm. Appellees' motion for leave to file a supplemental appendix is granted. Appellants' motion for leave to file a supplemental appendix is denied as unnecessary, and their other motions are denied as well.[4]

---

Plaintiffs' allegations against one of their attorneys appear to concern events in 2005 through 2007 (Compl. ¶¶ 320-336), and plaintiffs allege that their other two attorneys withdrew from the representation in 2005 (Am. Compl. ¶¶ 351(z)-351(aa)). Because we hold that there was no basis to exercise federal jurisdiction over these claims, however, we need not and do not decide that issue.

[4]Only one of appellants' motions warrants discussion. Appellants have filed a motion to hold this appeal in abeyance pending the United States Supreme Court's decisions in Levin v. United States, S. Ct. No. 11-1351, and Milbrook v. United States, S. Ct. No. 11-10362. The motion is denied because the questions on which certiorari was granted (the waiver of sovereign immunity for claims against military medical personnel and prison guards) have no conceivable bearing on the issues in this appeal.