# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Loren Allen, : 
                Petitioner : 
                     : 
        v. : No. 436 M.D. 2017
                     : Submitted: February 15, 2019
Commonwealth of Pennsylvania, : 
Pennsylvania Board of Probation : 
and Parole, : 
            Respondent : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ROBERT SIMPSON, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge

**OPINION**
**BY JUDGE SIMPSON**              **FILED: April 5, 2019**

Before this Court in our original jurisdiction are cross-applications for summary relief[1] regarding a petition for review filed by Loren Allen (Allen) against the Pennsylvania Board of Probation and Parole (Board). Allen, representing himself, seeks relief in mandamus compelling the Board to release him from prison. The Board counters that Allen is not entitled to mandamus relief, and that he is still subject to two current sentences he is presently serving. Upon review, we grant the Board's application for summary relief, deny Allen's application, and dismiss Allen's petition for review with prejudice.

## I. Background

Allen is currently incarcerated at the State Correctional Institution at Houtzdale. In July 1994, he was sentenced to 7 to 20 years (Original Sentence) for

---

[1] Petitioner designated his application as a motion for judgment on the pleadings.

robbery and possessing an instrument of crime. Allen's minimum sentence date on the Original Sentence was January 30, 2001 and his maximum sentence date was January 30, 2014.

Allen was paroled on the Original Sentence in July 2011. In November 2013, he was arrested. He was subsequently charged with several new offenses at two docket numbers in Montgomery County, CP-46-CR-8612-2013 (CR-8612) and CP-46-CR-3057-2014 (CR-3057).

In August 2014, Allen was convicted of one count of burglary at CR-8612 and two counts of burglary at CR-3057. The trial court sentenced Allen to 3½ to 8 years of incarceration on each of the three counts. The sentencing orders at both dockets were issued the same day and stated the sentences would run concurrently with all other previously imposed sentences. The sentencing order at CR-3057 further directed the sentence on both counts on that docket to run concurrently.

In February 2015, the Board recommitted Allen as a convicted parole violator (CPV) to serve 30 months of backtime, when available, for committing burglary while on parole from the Original Sentence. Bd.'s Answer with New Matter, Exs. F, G. The Board's recommitment decision did not include a docket number or other indication identifying which convictions formed the basis of the decision. However, the decision referred to two counts of burglary, thus suggesting it referred to CR-3057.[2] See id.

---

[2] In his brief, Allen ignores CR-3057 in his statement of facts. Although he mentions it in passing in his argument, he fails to acknowledge that it included two separate convictions on two counts.

In July 2015, the Board issued a decision noting Allen's "conviction on Montgomery County 1978 of 2014" and taking no action relating to that conviction. Id., Ex. H. It is unclear to what conviction that number referred, but presumably it was CR-8612.[3]

In August 2015, the Department of Corrections (Department) deleted the detainer relating to CR-8612, with the notation "CC/W backtime sentence." Bd.'s Answer with New Matter, Ex. A at 3. Detainers remained regarding both counts at CR-3057.

In August 2017, Allen was reparoled on the Original Sentence and paroled to a detainer on CR-8612. Allen then began serving his remaining sentence pursuant to the detainers at CR-3057. Those detainers were accordingly deleted later that month.

Because the trial court in CR-8612 and CR-3057 stated those sentences were to run concurrently with any previously imposed sentences, Allen argues aggregating is contrary to the sentencing order. He insists there is no detainer remaining, and he is entitled to physical release on parole, not simply parole to a detainer.

_____

[3] In the documents filed by the parties in the record before this Court, the Board's references to the three new convictions do not designate the docket numbers. However, that does not affect this Court's analysis of the legal issue before us. The pertinent facts are that there were three new convictions on three identical crimes, with three identical sentences by the trial court, and that the Board imposed backtime based on two of the three new convictions, while taking no action based on the third. Moreover, as set forth above, the applicable docket numbers can be readily inferred.

The Board contends Allen misunderstands the Board's authority to parole an inmate to a detainer. Accordingly, the Board argues Allen is not entitled to relief in mandamus.[4]

## II. Discussion

Mandamus is an extraordinary remedy designed to compel performance of a ministerial act or a mandatory duty. Allen v. Dep't of Corr., 103 A.3d 365, 369 (Pa. Cmwlth. 2014) (citing McCray v. Dep't of Corr., 872 A.2d 1127 (Pa. 2005)). A mandamus action cannot be used to determine rights, only to enforce rights already established. Id. (citing Detar v. Beard, 898 A.2d 26 (Pa. Cmwlth. 2006)). Where appropriate, it may be sought as a remedy to correct clear errors in a sentence computation. See id. (citing Black v. Dep't of Corr., 889 A.2d 672 (Pa. Cmwlth. 2005)). However, mandamus will not be granted in doubtful cases. Id. (citing Detar).

Here, Allen argues there is no outstanding detainer. Therefore, he asserts he has a clear entitlement to release from confinement because all his sentences ran concurrently. We discern no merit in this argument. Allen misconstrues the law concerning the Board's recommitment of a parolee to serve backtime.

---

[4] In an original jurisdiction matter, an application for summary relief may be granted at any time after the filing of a petition for review, if the applicant's right to relief is clear. Pa. R.A.P. 1532(b). The application will be denied where material facts are in dispute or the applicant is not clearly entitled to judgment as a matter of law. Brown v. Dep't of Corr., 932 A.2d 316 (Pa. Cmwlth 2007).

For purposes of an application for summary relief, the record is the same as that for a summary judgment motion. Borough of Bedford v. Commonwealth, 972 A.2d 53 (Pa. Cmwlth. 2009) (en banc). The record includes the pleadings and other documents of record, such as exhibits. Id.; see Pa. R.C.P. No. 1035.1.

4

When a parolee is convicted of a new criminal offense committed while on parole and punishable by prison time, the Board has authority, in its discretion, to recommit the parolee as a CPV. 61 Pa C.S. §6138(a). Upon recommitment of a parolee, the Board may order him to serve some or all of the remainder of his original sentence as backtime. Id.

The Board is not required to impose backtime based on a new conviction. Thus, if a parolee has multiple new convictions, the Board may decide to recommit him based on some of those convictions while taking no action on others. However, the Board's decision in that regard can affect whether multiple sentences are served concurrently or consecutively.

For example, in Crew v. Department of Corrections (Pa. Cmwlth., No. 7 M.D. 2011, filed January 19, 2012), 2012 Pa. Commw. Unpub. LEXIS 47 (unreported)[5] [Leadbetter, P.J.; Brobson, J.; McCullough, J.], the trial court sentenced a convicted parolee to new prison terms on counts 1, 4, 5, and 9 of the criminal indictment. The sentencing order stated all sentences would run concurrently. Thereafter, the Board issued a decision recommitting the parolee as a CPV to serve 15 months of backtime on his original sentence, based on his new convictions on counts 1, 4, and 5. However, as to count 9, the Board merely noted the conviction and took no further action.

The parolee argued all his sentences had to run concurrently in accordance with the trial court's sentencing order. This Court disagreed.

---

[5] We cite this unreported decision as persuasive pursuant to 210 Pa. Code §69.414(a).

5

Notwithstanding a sentencing order imposing concurrent sentences, where new sentences form the basis for a recommitment order of backtime on the original sentence, those new sentences must, by law, run consecutive to the original sentence. Id., slip op. at 5 (citing 61 Pa. C.S. §6138(a)(5)); see also Gray v. Dep't of Justice, 380 A.2d 1330 (Pa. Cmwlth. 1977) (en banc) (applying prior law)[6] (sentencing judge on new conviction had no authority to impose other than consecutive sentence with respect to backtime on original sentence). The result in Crew was that the sentence on count 9, as to which the Board took no action, ran concurrently with the original sentence as ordered by the trial judge. However, the sentences on counts 1, 4, and 5, which formed the basis for the recommitment order imposing backtime, ran consecutive to the original sentence, as a matter of law.

We find the analysis in Crew persuasive. Here, Allen received new sentences on one count of burglary in CR-8612 and two counts of burglary in CR-3057. The Board based its recommitment order and imposition of backtime on the convictions in CR-3057, but merely noted the conviction in CR-8612 and expressly took no further action. Accordingly, although the sentence on CR-8612 could run concurrently with the backtime on the Original Sentence, the convictions on CR-3057 had to run consecutive to the Original Sentence.

Allen is therefore incorrect in contending no detainer remained once he was paroled on CR-8612. A "detainer sentence" is "[a] sentence to which a convict is subject following release from a sentence which the convict is currently serving."

---

[6] Section 21.1(a) of the Act of August 6, 1041, P.L. 861, as amended, added by Section 5 of the Act of August 24, 1951, P.L. 1401, formerly, 61 P.S. §331.21a(a), repealed by Section 11 of the Act of August 11, 2009, P.L. 147.

37 Pa. Code §61.1. Here, the Department's records correctly reflect deletion of the detainer on CR-8612 when Allen began serving that sentence concurrently with his backtime. However, the Department correctly listed the detainers on both counts of CR-3057 as continuing.

When the Board reparoled Allen on the Original Sentence, it also paroled him on CR-8612. However, on CR-8612, the Board paroled Allen to the detainer sentences under CR-3057.

This Court refers to parole to a detainer sentence as a "constructive parole," in which an inmate "is administratively paroled on the initial sentence and immediately begins serving the minimum term of the consecutive, or detainer, sentence. While still in prison, the prisoner is serving the detainer sentence and is considered 'at liberty on parole' from the initial sentence." Weyand v. Pa. Bd. of Prob. & Parole, 503 A.2d 80, 85 (Pa. Cmwlth. 1986) (internal citations omitted).

Thus, once Allen was reparoled on the Original Sentence and paroled on CR-8612, he immediately began serving the minimum term of his consecutive, i.e., detainer, sentences at CR-3057. The Department's records reflect deletion of the detainers at CR-3057 only after Allen started serving those sentences in September 2017, because once Allen began serving the sentences, they became current sentences, not detainers.

Contrary to Allen's argument, the record clearly demonstrates there were two detainers to which the Board properly paroled him. Accordingly, the

Board is entitled to summary relief, and Allen is not entitled to relief on his mandamus petition.

### III. Conclusion

Based on the foregoing analysis, we grant the Board's application for summary relief, deny Allen's petition for summary relief, and dismiss the petition in mandamus.

 

 

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Loren Allen, :
                 Petitioner :
                  :
         v. : No. 436 M.D. 2017
                  :
Commonwealth of Pennsylvania, :
Pennsylvania Board of Probation :
and Parole, :
            Respondent :

## O R D E R

**AND NOW**, this 5th day of April, 2019, the application for summary relief of the Pennsylvania Board of Probation and Parole is **GRANTED**. The application for summary relief of Loren Allen is **DENIED**. The petition for review is **DISMISSED** with prejudice.

_____
ROBERT SIMPSON, Judge