IN THE COMMONWEALTH COURT OF PENNSYLVANIA

B.W.G.,                                    :
                          Petitioner       :
                                           :
           v.                              : No. 493 M.D. 2018
                                           : Submitted: March 4, 2022
Pennsylvania Department of Corrections,    :
Pennsylvania Board of Probation            :
and Parole, Pennsylvania State Police,     :
Brad Namowicz, Megan Diltz,                :
Sandra Kishbaugh, SCI-Retreat Records      :
Supervisor (Jane Doe), Jeffrey Ayres,      :
Amy Fish,                                  :
                          Respondents      :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                         FILED: May 10, 2022


        Before the Court is an application for summary relief filed, *pro se*, by
Petitioner, B.W.G., on his petition for review.  B.W.G. asserts that he is exempt from
the sex offender registration requirements set forth in the Sexual Offender
Registration and Notification Act (SORNA), of February 21, 2018, P.L. 27, No. 10,
*as amended* by the Act of July 12, 2018, P.L. 140, No. 29 (collectively, SORNA II).[1]
For the reasons set forth herein, we deny B.W.G.'s application.

        In 1998, B.W.G. was convicted of involuntary deviate sexual
intercourse, sexual assault, and aggravated assault for offenses that occurred in July

---

[1] 42 Pa. C.S. §§9799.10-9799.75.

1995. He was sentenced to 6 to 20 years' incarceration, followed by 8 years' probation. In or around May 2018, B.W.G. was paroled.

Thereafter, B.W.G. filed the instant petition for review[2] against the Pennsylvania Department of Corrections (Department), the Pennsylvania Board of Probation and Parole (Parole Board),[3] the Pennsylvania State Police (State Police), Brad Namowicz, Megan Diltz, Sandra Kishbaugh, State Correctional Institution (SCI)-Retreat Records Supervisor (Jane Doe), Jeffrey Ayres, and Amy Fish (collectively, Respondents).[4] In the petition, B.W.G. alleges that beginning in 2018, employees of SCI-Retreat and the Parole Board informed him that he was required to register as a sex offender. Petition ¶¶ 2,7. B.W.G. responded that he was not required to register because the offenses for which he was convicted occurred in 1995, before there was a sex offender registration law. Petition ¶9. Further, in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), the Supreme Court held that SORNA I, *formerly* 42 Pa. C.S. §§9799.10-9799.41, violated the constitutional prohibition against *ex post facto* laws. Petition ¶9. B.W.G.'s petition asserts that requiring him to register as a sex offender subjects him to an unconstitutional *ex post facto* law. He seeks an order directing Respondents (1) to cease and desist from

___

[2] B.W.G. captioned his pleading "Motion for Emergency Injunction (Temporary Restraining Order)." *See* 42 Pa. C.S. §761(a)(1) ("The Commonwealth Court shall have original jurisdiction over all civil actions or proceedings . . . . [a]gainst the Commonwealth government, including any officer thereof."). When a petitioner seeks to challenge government action or inaction, he must file a "petition for review." PA. R.A.P. 1516(b). Therefore, this Court treats B.W.G.'s motion as a petition for review.

[3] After B.W.G. filed the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

[4] This Court sustained the preliminary objection to naming Sandra Kishbaugh as a respondent. By order of January 17, 2019, she was dismissed from the matter.

ordering him to register with the State Police and/or any other authority under SORNA II, and (2) to remove his name from the State Police sex offender registry and any other associated registry.

In his application for summary relief, B.W.G. argues that because SORNA II was enacted years after his offense and conviction, he "could not have anticipated that his conduct [would have] subjected him to the sort of sanctions imposed by this law." B.W.G. Brief at 6. Thus, under *Muniz*, 164 A.3d 1189, SORNA II cannot be applied to him. B.W.G. also argues that Subchapter I of SORNA II is punitive in nature because it prevented him from visiting his grandchild at a children's hospital. B.W.G. requests that SORNA II be deemed unconstitutional as applied to him.

Respondents rejoin that B.W.G.'s conviction for involuntary deviate sexual intercourse required a lifetime registration under the prior sexual offender registration statute. *See former* 42 Pa. C.S. §9795.1(b). Further, they argue that Subchapter I of SORNA II is not punitive and, thus, may be retroactively applied to offenders without violating the *ex post facto* clause. Accordingly, Respondents request this Court to deny B.W.G.'s application.

An application for summary relief may be granted at any time after the filing of a petition for review if the applicant's right to relief is clear. PA. R.A.P. 1532(b). "The application will be denied where material facts are in dispute or the applicant is not clearly entitled to judgment as a matter of law." *Allen v. Pennsylvania Board of Probation and Parole*, 207 A.3d 981, 984 n.4 (Pa. Cmwlth. 2019).

Beginning in 1995, the General Assembly enacted a series of statutes requiring convicted sex offenders living within the Commonwealth to register with

3

the State Police upon release from prison. The first statute was commonly known as Megan's Law, *formerly* 42 Pa. C.S. §§9791-9799.6, effective April 22, 1996. In 2000, the General Assembly enacted what is commonly referred to as Megan's Law II, *formerly* 42 Pa. C.S. §§9791-9799.7. In 2004, Megan's Law II was succeeded by Megan's Law III, *formerly* 42 Pa. C.S. §§9791-9799.9, which remained in effect until 2012. SORNA I replaced Megan's Law III.[5]

In *Muniz*, 164 A.3d 1189, our Supreme Court held SORNA I to be unconstitutional because its provisions were punitive and violated the prohibition against *ex post facto* laws. Following the Supreme Court's decision in *Muniz*, the General Assembly enacted SORNA II, which has two subchapters. As our Supreme Court has explained,

> Subchapter H is based on the original SORNA [I] statute and is applicable to offenders . . . who committed their offenses after the December 20, 2012[,] effective date of SORNA [I]; Subchapter I is applicable to offenders who committed their offenses prior to the effective date of SORNA [I] and to whom the *Muniz* decision directly applied.[6]

*Commonwealth v. Butler*, 226 A.3d 972, 981 n.11 (Pa. 2020).

---

[5] In 2013, the Pennsylvania Supreme Court struck down Megan's Law III for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution, PA. CONST. art. III, §3. *Commonwealth v. Neiman*, 84 A.3d 603, 616 (Pa. 2013). By the time Megan's Law III was struck down, it had been replaced by SORNA I.

[6] Subchapter I applies to individuals who are:

> (1) *convicted of a sexually violent offense* committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the Pennsylvania State Police, as described in section 9799.55 (relating to registration), has not expired; or

> (2) *required to register* with the Pennsylvania State Police *under a former sexual offender registration law* of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.

42 Pa. C.S. §9799.52 (emphasis added).

4

Recently, in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), the Pennsylvania Supreme Court considered whether Subchapter I of SORNA II was punitive and, thus, an unconstitutional *ex post facto* law. The Supreme Court observed that the "General Assembly expressly declared that Subchapter I 'shall not be construed as punitive.'" *Lacombe*, 234 A.3d at 618 (quoting 42 Pa. C.S. §9799.51(b)(2)). To that end, the General Assembly made a number of "significant changes" from SORNA I to "alleviate many of the concerns expressed in *Muniz*[.]" *Lacombe*, 234 A.3d at 619, 626. Applying the factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963), the Supreme Court concluded that Subchapter I of SORNA II did not violate the prohibition against *ex post facto* laws. It held:

> Subchapter I effected significant changes from the original version of SORNA, retroactive application of which we found unconstitutional in *Muniz* . . . . As we have not found the requisite "clearest proof" Subchapter I is punitive, we may not "override legislative intent and transform what has been denominated a civil remedy into a criminal penalty[ . . . .]"

*Lacombe*, 234 A.3d at 626.

Here, B.W.G. is subject to Subchapter I of SORNA II, because he was required to register under a prior sexual offender registration law. Specifically, B.W.G. incurred a lifetime registration requirement upon the effective date of Megan's Law II in 2000 when he was incarcerated. Because it is a lifetime requirement, it has not expired. Further, the Supreme Court determined in *Lacombe* that the registration requirements imposed by SORNA II are not punitive.

5

Given our Supreme Court's holding in *Lacombe*, we conclude that B.W.G. has failed to state a valid claim, and, thus, we deny B.W.G.'s application for summary relief.

_____
MARY HANNAH LEAVITT, President Judge Emerita

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| B.W.G., | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 493 M.D. 2018 |
| | : | |
| Pennsylvania Department of Corrections, | : | |
| Pennsylvania Board of Probation | : | |
| and Parole, Pennsylvania State Police, | : | |
| Brad Namowicz, Megan Diltz, | : | |
| Sandra Kishbaugh, SCI-Retreat Records | : | |
| Supervisor (Jane Doe), Jeffrey Ayres, | : | |
| Amy Fish, | : | |
| Respondents | : | |

# O R D E R

AND NOW, this 10th day of May, 2022, the application for summary relief filed by Petitioner, B.W.G., is DENIED.

_____
MARY HANNAH LEAVITT, President Judge Emerita