IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lirong Xu,                                          :
                              Petitioner            :
                                                    :
            v.                                      : No. 282 M.D. 2024
                                                    : Submitted: October 9, 2025
The Superior Court Pennsylvania,                    :
the Clerk Benjamin D. Kohler                        :
of the Superior Court, the Clerk                    :
Letitia Santaielli,                                 :
                              Respondents           :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                    FILED: November 5, 2025


        Before the Court in our original jurisdiction are the preliminary objections
(Preliminary Objections) of respondents, the Superior Court of Pennsylvania
(Superior Court), Benjamin Kohler, Esq. (Prothonotary), and Letitia Santarelli, Esq.
(Deputy Prothonotary)[1] (collectively, Respondents) to the "Complaint to the

_____

[1]  While Lirong Xu identified "Benjamin D. Kohler" as a "the Clerk" of the Superior Court and
"Letitia Santaielli" as the "the Clerk" of the Superior Court, Benjamin Kohler, Esq. is the Superior
Court's Prothonotary and Letitia Santarelli, Esq. is the Superior Court's Deputy Prothonotary for
its Philadelphia, Pennsylvania, office.  *See* Superior Court Prothonotary's Addresses,
https://www.pacourts.us/courts/superior-court/prothonotarys-addresses (last visited November 4,
2025).

Commonwealth Court" (Complaint) of Lirong Xu (Xu), which alleges Respondents quashed Xu's appeals through "false" *per curiam* orders and improperly changed Xu's motions to applications. Because this Court lacks jurisdiction to review the Superior Court's orders or grant mandamus relief against the Superior Court and its officers, we transfer Xu's mandamus action to the Pennsylvania Supreme Court.

## I.      Background

Xu's Complaint relates to two of Xu's appeals to the Superior Court. In the first case (No. 794 EDA 2024), Xu appealed two orders of the Philadelphia County Court of Common Pleas (the trial court). *See* Preliminary Objections, 6/27/24, Exhibit A (No. 794 EDA 2024 Docket Sheet). In the first order, the trial court denied a motion Xu filed because "it [was] unclear what [Xu] was seeking." *Id.* In the second order, the trial court determined Xu's Emergency Motion for Injunctive Relief did not present any issues which had to be resolved on an expedited basis and ordered the motion to proceed through normal court processes. *Id.* After issuing a rule to show cause why Xu's appeal should not be quashed and reviewing Xu's response thereto, the Superior Court determined it did not have jurisdiction over Xu's appeal because the trial court's orders were not final, appealable orders. *See id.* As a result, the Superior Court quashed Xu's appeal by *per curiam* order dated April 26, 2024. *Id.*

Shortly thereafter, Xu filed a "Motion for Clarification of Assigned Judges and final order." Prothonotary or Deputy Prothonotary docketed this as an "Application for Clarification." By *per curiam* order, the Superior Court denied this Application. Xu then filed a Petition for Allowance of Appeal with the Pennsylvania

Supreme Court. By Order dated December 31, 2024, the Pennsylvania Supreme Court denied Xu's Petition for Allowance of Appeal.[2]

Xu's second case before the Superior Court began with Xu filing a motion for the recusal of three judges of the trial court. *See* Complaint, at 4. Each of these three judges issued a separate order denying Xu's motion for recusal. Xu then appealed these three orders to the Superior Court. *See* Preliminary Objections, 6/27/24, Exhibit B (No. 1906 EDA 2023 Docket Sheet). Again, the Superior Court issued a rule to show cause why Xu's appeal should not be quashed, reviewed Xu's response thereto, and determined it did not have jurisdiction over Xu's appeal because the trial court's orders were not final, appealable orders. *See id.* As a result, the Superior Court quashed Xu's second appeal by *per curiam* order dated September 27, 2023. *Id.*

Thereafter, Xu filed numerous motions[3] in the Superior Court, each of which the Prothonotary or Deputy Prothonotary docketed as applications, and each of which the Superior Court ultimately denied, by *per curiam* order. *Id.* Eventually,

---

[2] The Supreme Court also denied numerous other motions Xu had filed. *See* Public Docket, No. 205 ELA 2024, https://ujsportal.pacourts.us/CaseSearch (last visited November 4, 2025). Even after the Supreme Court denied Xu's Petition for Allowance of Appeal and numerous other motions, Xu filed the following four motions: (1) Motion for Reconsideration and Investigation into Fraudulent Order; (2) Motion for Civil Damages and Criminal Accountability; (3) Motion for Clarification of the Authority Behind the December 31, 2024 Per Curiam Order; and (4) Motion to Docket Motion for Reconsideration and Supplementary Documents. *Id.* The Supreme Court subsequently denied these four motions. *Id.*

[3] Xu's motions to the Superior Court, after the Superior Court quashed Xu's appeal, included motions for reconsideration, for clarification of assigned judges, to invalidate improper orders, to clarify the identity of the judge on an order, to recuse Prothonotary, to reclassify Xu's motions as motions instead of applications, for payment confirmation orders, and to recuse the "*per-curiam* judge and Deputy Prothonotary." Preliminary Objections, 6/27/24, Exhibit B (No. 1906 EDA 2023 Docket Sheet).

Xu's filings became so incessant that the Superior Court's order directed Prothonotary to "refuse to accept any further filings by [Xu] in this docket." *Id.*

Xu's Complaint is based on Xu's belief *per curiam* orders are "fake," "forged," "false," and a "guise," and that Respondents have a mandatory duty to have a Superior Court Judge, or a group of Superior Court Judges, sign each of the Superior Court's orders. *See* Complaint. Xu's Complaint is also based upon Xu's belief Respondents have a mandatory duty to docket Xu's motions exactly as Xu titled them rather than as applications. *See id.* Specifically, Xu stated Xu paid the filing fee for motions, Xu did not submit applications, and motions and applications "are entirely different legal actions!" *Id.* at 6. Xu repeatedly alleged Respondents "intentionally changed the motion[s] to [] application[s]," and improperly denied Xu's motions and quashed Xu's appeals through *per curiam* orders. *Id.*

Xu alleges Respondents' failure to comply with their mandatory duties to docket documents as they are filed and to have Superior Court Judges sign all orders denied her due process, denied her the right to file a motion, denied her the right to be informed, and violated established legal procedures. *Id.* at 9. Xu requested this Court award her $1,000,000.00 as economic and emotional damages. *Id.* at 8. Xu also requested this Court: issue a declaration that Respondents violated Xu's constitutional rights; review Xu's motions and refer them to a higher court; and provide Xu with a fair and impartial review of Xu's various motions.

Consistent with Xu's conduct before the Superior and Supreme Courts, Xu has filed numerous motions in this Court. Xu's concerns continue to stem from Xu's beliefs surrounding *per curiam* orders. A prime example is Xu's September 1, 2025 "motion to strike or authenticate per curiam orders based on fraud, procedural voidness, and administrative overreach." In said motion, Xu alleges that this Court's

4

previous orders in this matter have all "been issued in the form of a **Per Curiam Order**." Xu's Motion, 9/1/25, at 1. Further, Xu alleges:

These [*per curiam*] orders uniformly:

- Lack any judge's name or signature;

- Lack clerk's certification or Prothonotary seal;

- Were printed on the administrative template "AOPC 1231A Rev. 08/26/2025."

2. These documents are not judicial rulings but mass-produced administrative templates. They bear no trace of case-specific adjudication.

3. At the same time, AOPC has assigned its own AOOC [sic] attorneys to represent Respondents in these cases. Thus, AOPC was both the defense counsel and the issuing authority of the orders that denied every single one of [Xu]'s requests.

4. This dual role is a sham, a mockery of justice, and outright fraud upon the court: the administrator acted as judge, clerk, and defense counsel, ensuring all [Xu]'s claims were automatically denied.

Xu's Motion, 9/1/25, at 1.

Respondents' preliminary objections request this Court quash or dismiss Xu's Complaint for the following reasons: (1) this Court does not have jurisdiction over Xu's claims; (2) the Complaint fails to state a claim upon which relief may be granted; (3) Xu cannot collaterally attack the underlying case; and (4) Respondents are protected by various forms of immunity.

## II.     Analysis

In ruling on preliminary objections, this Court accepts as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421 (Pa. Cmwlth. 2018). However, this Court need not accept

5

unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.* For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. *Id.* Any doubt must be resolved in favor of the non-moving party. *Id.*

*Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269, 1274 (Pa. Cmwlth. 2021) (quoting *Dantzler v. Wetzel*, 218 A.3d 519, 522 n.3 (Pa. Cmwlth. 2019)).

We begin by noting that Xu's beliefs about *per curiam* orders are, unfortunately, so pervasive among *pro se* litigants that the Pennsylvania Supreme Court recently addressed *per curiam* orders at length. In *Alexander v. Delaware County Board of Elections*, 334 A.3d 888 (Pa. 2025), the Court explained:

> *Pro se* applicant Gregory Stenstrom challenges this Court's earlier *per curiam* order in which we summarily denied the emergency petition for relief in an election matter filed by applicant and three co-petitioners. *See* Order, 49 MM 2025, 4/22/25. He argues our order is invalid and *ultra vires* because it was neither signed by a Justice of this Court nor accompanied by an explanation or opinion. Applicant presumes this means the Prothonotary's Office, which stamped and signed our order to certify it as "a true copy," improperly delegated to itself the authority to deny the petition on our behalf. This regularly recurring argument is frivolous, and we take this opportunity to explain why this is so, for the benefit of the bench, bar, and, perhaps most importantly, *pro se* litigants who raise the claim most often.
>
> The heart of the problem is applicant's basic misunderstanding of the nature and effect of a *per curiam* ruling. "*Per curiam*" is a Latin phrase that literally translates to "by the court." A *per curiam* decision is unsigned because, as its translation suggests, it is intended to be institutional rather than individual — it is attributable to the court as an entity, not any single jurist. In short, when an appellate court in this Commonwealth rules *per curiam*, whether in the form of an order or an opinion, that necessarily means it is "attributed to the entire panel of judges who" considered the matter, even though it is "not signed by any particular judge on the panel." BLACK'S LAW DICTIONARY (12th ed. 2024) ("*per curiam*").

6

The ability to issue a ruling *per curiam* is a critical tool for any appellate court and serves many ends, not least of which is judicial efficiency. But the critical point is that a *per curiam* decision, though unsigned, still represents the collective judgment of the whole appellate body. Consider our own publicly codified Internal Operating Procedures (IOPs). *See* 210 Pa. Code §§ 63.1-63.13. They explain that to act on a petition like the one we previously denied in this matter, "[a] vote of the majority [of the participating Justices] is required to implement the proposed disposition." 210 Pa. Code § 63.7(B). This confirms that, unless otherwise indicated, every Justice on this Court carefully considers and passes upon every matter resolved by way of per curiam order issued by this Court. *See* [*Commonwealth v.*] *Tilghman*, 673 A.2d [898,] 904 [(Pa. 1996)] ("a *per curiam* order . . . signifies this Court's" decision) (emphasis added). Indeed, that is exactly what occurred here.

*Id.* at 889-90 (footnotes omitted).

Turning to Respondents' first Preliminary Objection relating to this Court's lack of jurisdiction, Xu's Complaint requests this Court exercise two distinct forms of jurisdiction. First, Xu requests this Court exercise appellate jurisdiction to review the Superior Court's orders. Second, Xu requests this Court exercise original jurisdiction to compel the Superior Court to perform its duties.

Xu asserts in the Complaint that this Court has jurisdiction over the Complaint under 42 Pa.C.S. § 762(a)(4)(i) and 42 Pa.C.S. § 704. These statutory sections both relate to this Court's appellate jurisdiction. The former, 42 Pa.C.S. § 762, provides the Commonwealth Court with jurisdiction over certain appeals from the courts of common pleas. The latter, 42 Pa.C.S. § 704, can only perfect the jurisdiction of an appellate court if the appellee does not object to the appellate court's jurisdiction. Xu's Complaint is an appeal from determinations of the Superior Court, and the appellees (Respondents) have objected to this Court's jurisdiction. Consequently, neither 42 Pa.C.S. § 762 nor 42 Pa.C.S. § 704 provide this Court with appellate jurisdiction over Xu's Complaint.

7

Sections 762-764 of the Judicial Code establish the full extent of this Court's appellate jurisdiction. *See* 42 Pa.C.S. §§ 762-764. No provisions within Sections 762-764 of the Judicial Code, nor elsewhere, provide this Court with jurisdiction to review the Superior Court's decisions. *See id.* Instead, jurisdiction to review the Superior Court's decisions is reserved exclusively for the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 724. Therefore, to the extent Xu is requesting this Court review the Superior Court's orders, we lack jurisdiction over the Complaint.

Next, we turn to Xu's request for this Court to exercise its original jurisdiction. Section 761 of the Judicial Code establishes this Court's original jurisdiction. 42 Pa.C.S. § 761. Relevantly here, Section 761(a)(1) provides this Court with original jurisdiction over "all civil actions or proceedings . . . [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity." 42 Pa.C.S. § 761(a)(1).[4] The Commonwealth government includes "the courts and other officers or agencies of the unified judicial system." 42 Pa.C.S. § 102. Section 761(c), however, provides that this Court shall only have original jurisdiction "in cases of mandamus and prohibition to courts of inferior jurisdiction . . . where such relief is ancillary to matters within its appellate jurisdiction . . . ." 42 Pa.C.S. § 761(c).

While the Superior Court is a court in the unified judicial system, it is not a court of inferior jurisdiction to this Court because this Court cannot exercise appellate jurisdiction over the Superior Court's decisions. *See* 42 Pa.C.S. §§ 761(c); 724. Therefore, if Xu's Complaint presents a case of mandamus to the Superior Court, this Court would not possess original jurisdiction. *See* 42 Pa.C.S. § 761(c).

---

[4] Section 761(a) of the Judicial Code identifies five exceptions to this Court's original jurisdiction over civil actions against the Commonwealth government. *See* 42 Pa.C.S. § 761(a). These five exceptions do not apply here, however, so we need not discuss them in detail. *See id.*

8

Instead, the Pennsylvania Supreme Court would possess original jurisdiction over a case of mandamus to the Superior Court. *See* 42 Pa.C.S. § 721(2).

"Mandamus is an extraordinary remedy designed to compel performance of a ministerial act or a mandatory duty." *Allen v. Pa. Bd. of Prob. & Parole*, 207 A.3d 981, 984-85 (Pa. Cmwlth. 2019) (citations omitted). "A mandamus action cannot be used to determine rights, only to enforce rights already established." *Id.* Here, Xu's Complaint is premised upon Xu's assertion Respondents have mandatory duties to docket filings exactly as they are titled and to have a Superior Court Judge or multiple Superior Court Judges sign the Superior Court's orders. Xu's Complaint seeks to compel Respondents to perform these mandatory duties and to obtain redress for Respondents' failure to do so in these matters.[5] As a result, Xu's Complaint, to the extent it does not present appellate claims, presents a case in mandamus to the Superior Court, over which this Court lacks jurisdiction.

### III. Conclusion

For the reasons set forth above, this Court does not possess appellate jurisdiction to review the determinations of the Superior Court or original jurisdiction over Xu's case in mandamus to Respondents.[6] Therefore, we sustain Respondents' Preliminary Objection relating to this Court's lack of jurisdiction and transfer Xu's Complaint and each of Xu's pending requests for relief to the

---

[5] Each of Xu's non-appellate claims of error and requests for relief stem from Xu's belief the Superior Court failed to perform a mandatory duty. For instance, Xu believes Respondents committed misconduct, denied Xu due process, denied Xu the right to file a motion, to be informed, and to transparency, and failed to provide Xu with clarification, ALL by failing to perform their mandatory duties. Consequently, Xu's claims of error and request for relief are all part of Xu's case in mandamus.

[6] Due to our conclusion that we lack jurisdiction over Xu's Complaint, we need not evaluate Respondents' remaining Preliminary Objections.

Pennsylvania Supreme Court pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a).[7]

_____
STACY WALLACE, Judge

---

[7] Section 5103(a) of the Judicial Code provides that when

> an appeal or other matter is . . . brought in a court . . . of this Commonwealth which does not have jurisdiction . . . the court . . . shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court . . . of this Commonwealth.

42 Pa.C.S. § 5103(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lirong Xu,                                                     :
                                    Petitioner     :
                                                              :
            v.                                      : No. 282 M.D. 2024
                                                              :
The Superior Court Pennsylvania,          :
the Clerk Benjamin D. Kohler               :
of the Superior Court, the Clerk           :
Letitia Santaielli,                                 :
                                    Respondents  :


# **O R D E R**


     **AND NOW**, this 5th day of November 2025, we **SUSTAIN** the Respondents' preliminary objection relating to this Court's lack of jurisdiction and **TRANSFER** Lirong Xu's (Xu) May 28, 2024 Complaint and pending requests for relief, including any filed up until the day the transfer is effectuated, to the Pennsylvania Supreme Court. The Prothonotary is directed to transfer the record in this matter to the Pennsylvania Supreme Court pursuant to 42 Pa.C.S. § 5103(a).


                                 _____
                                 STACY WALLACE, Judge