**Eugene WATSON, Appellant**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Shannon Voll Poliziani and Jawad A. Salameh, M.D.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 15, 2010.

Decided March 5, 2010.

Eugene Watson, Appellant, pro se.

Jeffrey M. Paladina, Asst. Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for appellee, Pennsylvania Department of Corrections.

Kathryn M. Kenyon and Shannon Voll Poliziani, Pittsburgh, for appellees, Shannon Voll Poliziani and Jawad A. Salameh, M.D.

BEFORE: COHN JUBELIRER, Judge, LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Eugene Watson (Watson) appeals from the June 26, 2009, order of the Court of Common Pleas of Somerset County (trial court), which denied Watson's request to proceed *in forma pauperis* and dismissed with prejudice his civil action against the Pennsylvania Department of Corrections (DOC), Shannon Voll Poliziani (Poliziani) and Jawad A. Salameh, M.D. (Dr. Salameh) (collectively, Defendants). We affirm.

Watson filed a complaint with the trial court, alleging that he has filed two other lawsuits against Dr. Salameh, the medical director at the State Correctional Institution at Laurel Highlands (SCI–LAU). Watson avers that he sent a notice of deposition to Dr. Salameh, and, because Watson has a disability, Watson requested that an inmate who usually assists him at court hearings be permitted to assist him at the deposition.[1] Watson's unit manager granted the request.

On the morning of the deposition, the unit manager informed Watson that Poliziani, counsel for Dr. Salameh, objected to being in a room with two inmates, and, therefore, the court reporter would assist Watson. Watson told the unit manager that he did not believe the court reporter

---

1. Watson suffers from multifocal peripheral neuropathy, from insulin dependent diabetes and from phlebitis, all of which impair his ability to use his hands to manipulate small objects, to lift and to carry. Because of this impairment, Watson is unable to take notes or arrange paperwork unless he is provided extremely long periods of time to do so. Thus, Watson sought an inmate to assist him at the deposition by taking notes or arranging paperwork at Watson's direction. It is not clear what role the inmate played at other court hearings, but, here, Watson was not entitled to have the inmate assist him as an advocate at the deposition.

could assist him properly because such a person is supposed to be impartial and merely take down testimony. The unit manager called the prison's Americans with Disabilities Act[2] (ADA) coordinator in an effort to obtain assistance for Watson. After making another phone call, the unit manager informed Watson that Poliziani would assist him, but Watson believed this was inappropriate because Poliziani's job was to represent Dr. Salameh.

At the deposition, Watson objected to Poliziani's depriving him of an inmate assistant. Poliziani responded that the DOC made the decision. During the deposition, Poliziani objected to the amount of time Watson was taking, tried to get corrections officers to terminate the deposition and, ultimately, terminated the deposition while Watson was taking a bathroom break. As a result, Watson did not have an opportunity to ask Dr. Salameh highly relevant questions. Moreover, after the deposition, Watson suffered emotional distress and needed narcotic medication for pain in his fingers and wrists.

Watson filed his complaint with the trial court. In Count I, Watson sought more than $50,000 in damages from the DOC for violating Watson's right under the ADA and the Rehabilitation Act of 1973(RA)[3] to a reasonable accommodation for his disabilities. In Count II, Watson sought the same amount from Poliziani and Dr. Sala-

meh for failing to make a reasonable accommodation for Watson's disabilities. In Count III, Watson sought the same amount from Poliziani and Dr. Salameh for violating his due process rights.

■ Watson alleged in his complaint that he had exhausted his administrative remedies. In support of that averment, Watson attached to his complaint: (1) a copy of the grievance that he filed with the DOC, which was denied; (2) a copy of his appeal to the Superintendent of SCI–LAU, which was denied; and (3) an unsigned appeal to the Office of Inmate Grievances and Appeals. Watson also attached to his complaint a petition to proceed *in forma pauperis.*

By order dated June 26, 2009, the trial court denied Watson's petition to proceed *in forma pauperis* and dismissed his complaint with prejudice. The trial court explained in a memorandum opinion that: (1) it dismissed the action pursuant to section 6602(e)(2) of the Act known as the Prison Litigation Reform Act (State Act),[4] which allows a court to dismiss prison conditions litigation if it determines that the defendant is entitled to assert a valid affirmative defense that, if asserted, would preclude relief; and (2) the Defendants are entitled to assert as an affirmative defense that Watson failed to exhaust his administrative remedies because his attachments to the

2. Section 12132 of the Americans with Disabilities Act of 1990 (ADA) states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The DOC is a "public entity" under this provision. *Pennsylvania Department of Corrections v. Yeskey,* 524 U.S. 206, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998); section 12131 of the ADA, 42 U.S.C. § 12131 (defining "public entity").

3. Section 504 of the RA provides that no otherwise qualified individual with a disability shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a).

4. 42 Pa.C.S. § 6602(e)(2).

complaint do not establish that he exhausted the final step in the grievance process.[5]

Addressing the merits of Watson's complaint, the trial court stated that it was familiar with what happened at the deposition because it was discussed in a telephone conference after Watson filed a motion for additional deposition time in another case before the trial court. Based on what it learned, the trial court stated that: (1) Poliziani did, in fact, assist Watson at the deposition; (2) the deposition lasted seven hours; and (3) Watson asked repetitive questions and raised irrelevant issues. The trial court indicated that it denied Watson's request for additional time so that Dr. Salameh would not be subjected to "never ending interrogation." (Trial ct. mem. at 4.)

Watson filed a notice of appeal and, subsequently, a concise statement of matters complained of on appeal pursuant to Pa. R.A.P. 1925(b). Watson argued that: (1) he was not required to demonstrate exhaustion of remedies in his complaint; (2) the trial court erred in deciding factual disputes as to whether he received assistance at the deposition; (3) the trial court erred in concluding that the action was frivolous; and (4) the trial court erred in dismissing his complaint with prejudice.

In its Pa. R.A.P. 1925 Opinion, the trial court stated that Watson raised exhaustion of administrative remedies in the complaint, and it was a valid affirmative defense that, if raised by Defendants, would preclude relief. As to the merits of the complaint, the trial court defended its dismissal of the complaint with prejudice by explaining that: (1) the DOC did not refuse Watson's request to make a reasonable accommodation; and (2) although Poliziani and Dr. Salameh refused to allow an inmate assistant, they were not required by law to make a reasonable accommodation for Watson.

The parties have briefed the issues before this court. Poliziani and Dr. Salameh have attached to their brief as "Exhibit 1" a certified copy of the deposition transcript. Watson has filed a motion to suppress the exhibit because it does not appear in the certified record. We grant Watson's motion and strike the exhibit because an appellate court is required to confine its review to the record. *Department of Transportation v. Greisler Brothers*, 68 Pa.Cmwlth. 493, 449 A.2d 832 (1982). We now address the issues raised by Watson.

Watson argues that, under the federal Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) (Federal Act), inmates are not required to plead or demonstrate exhaustion of administrative remedies. Although Watson is correct with regard to the Federal Act,[6] the trial court dismissed Watson's complaint pursuant to the State Act. Unlike the Federal Act, the State Act authorizes *sua sponte* dismissal of *in forma pauperis* cases based on valid affir-

---

5. We note that Watson's unsigned letter to the Office of Inmate Grievances and Appeals is dated April 12, 2009. If Watson had signed and mailed the appeal on that date, the Office of Inmate Grievances and Appeals would have had thirty working days from receipt of the appeal to render a decision. *See* DC–ADM 804(VI)(D)(2)(f). Watson filed his complaint with the trial court on May 7, 2009, less than thirty days after drafting the appeal, i.e., before time expired for the Office of Inmate Grievances and Appeals to render a decision.

6. In *Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), the United States Supreme Court held that the Federal Act does not authorize *sua sponte* dismissal of *in forma pauperis* cases based on the failure to exhaust administrative remedies; therefore, inmates are not required to plead or demonstrate exhaustion in their complaints; rather, exhaustion of remedies must be raised as an affirmative defense.

mative defenses, including the failure to exhaust administrative remedies.

■ Watson also argues that, in considering the merits, the trial court erred in ignoring his factual allegation that the Defendants deprived him of assistance at the deposition and erred in dismissing the complaint as frivolous and with prejudice. The trial court evidently recognized its error because the trial court did not address this particular issue in its Pa. R.A.P. 1925 Opinion. Instead, the trial court offered alternative bases for its dismissal of the complaint with prejudice.

The trial court concluded that Watson failed to state a cause of action against the DOC for a violation of the ADA or RA because, according to Watson's allegations, the DOC would have provided Watson with an inmate helper but for Poliziani's objection. We agree with the trial court. To set forth a cause of action under the ADA or RA, Watson needed to allege that the DOC discriminated against him because of his disability, not because Poliziani refused to be in the same room with two inmates.[7] *Thomas v. Pennsylvania Department of Corrections*, 615 F.Supp.2d 411 (W.D.Pa.2009); 42 U.S.C. § 12132; 29 U.S.C. § 794(a). Thus, the trial court properly dismissed Count I of the complaint with prejudice.

■ With respect to Poliziani and Dr. Salameh, the trial court concluded that they have no liability to Watson under the ADA or RA. The trial court was correct. Individuals have no liability under the ADA because they are not "public entities." *See Taylor v. Altoona Area School District*, 513 F.Supp.2d 540 (W.D.Pa.2007) (rejecting a contrary holding and analysis set forth in *McCachren v. Blacklick Valley*

*School District*, 217 F.Supp.2d 594 (W.D.Pa.2002)). Individuals have no liability under the RA because they do not receive federal assistance. *Id.* Thus, the trial court properly dismissed Count II of the complaint with prejudice.

■ As for Count III, Watson points out that the trial court failed to address his claim that Poliziani and Dr. Salameh violated his due process rights. However, Poliziani and Dr. Salameh did not deprive Watson of his due process rights. Watson had a meaningful opportunity to be heard on his need for assistance when he sought additional deposition time from the trial court in the other case.

Accordingly, we affirm.

### ORDER

AND NOW, this 5th day of March, 2010, it is hereby ordered that the motion of Eugene Watson to strike the deposition transcript attached to the brief submitted by Shannon Voll Poliziani and Jawad A. Salameh, M.D., is granted. In addition, the order of the Court of Common Pleas of Somerset County, dated June 26, 2009, is affirmed.

---

7. To the extent Poliziani believed that the inmate would assist Watson by providing him advice, we reiterate that, under the ADA and RA, Watson was entitled to an inmate assistant to accommodate his disability, not an inmate assistant to serve as his advocate.