CLD-018                                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3790
_____

In re: DENNIS JOHN CAMPBELL; MINDY JAYE ZIED-CAMPBELL,
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. Nos. 2-88-cv-04820, 2-89-cv-07508, 2-12-cv-03700)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 20, 2016

Before:  FISHER, SHWARTZ and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 28, 2016)
_____

OPINION[*]
_____

PER CURIAM

     Pro se petitioners Dennis Campbell and Mindy Zied-Campbell have filed a

petition for writ of mandamus asking us to set aside orders that three different District

Judges have entered in three separate civil actions.  For the reasons set forth below, we

will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The petitioners have a long history of litigating claims concerning the administration of their federal and state medical and disability benefits. See, e.g., Zied-Campbell v. Pennsylvania, 514 F. App'x 154 (3d Cir. 2013). Three cases are pertinent for present purposes: E.D. Pa. Civ. A. Nos. 88-4820, 89-7508, and 12-3700. Each of these cases was decided adversely to the petitioners: Judge DuBois granted summary judgment in favor of the defendants in No. 88-4820 in 1989, Judge Fullam dismissed No. 89-7508 in 1990, and Judge Gardner dismissed No. 12-3700 in 2013.

The petitioners repeatedly challenged these judgments, to no avail. Eventually, each of the District Judges entered a filing injunction barring further filings from the petitioners. See Civ. A. No. 88-4820, dkt. #23 (April 3, 2015); No. 89-7508, dkt. #32 (December 4, 2014); No. 12-3700, dkt. #33 (November 5, 2015). The petitioners appealed the filing injunction in No. 88-4820; that appeal is pending at C.A. No. 15-2668. They did not appeal the filing injunction in the other two matters. The petitioners have now filed a petition for mandamus, asking us to set aside these filing injunctions.

We will deny the petition. Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, petitioners must establish that they have "no other adequate means" to obtain the relief requested, and that they have a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus may not be used as a substitute for appeal. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378-79.

Here, the petitioners have asked us to vacate three orders issued by the District Court. Mandamus relief is unavailable because the petitioners could obtain that relief through the normal appellate process. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."). Indeed, the petitioners are challenging one of the filing injunctions in C.A. No. 15-2668. While it may no longer be possible for the petitioners to perfect a timely appeal of the injunctions in Nos. 89-7508 and 12-3700, mandamus relief does not become available merely because the petitioners "allowed the time for an appeal to expire." Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992).

Accordingly, we will deny the mandamus petition.