IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mindy Jaye Zied-Campbell and : 
Dennis John Campbell, : 
               Petitioners : 
           : 
          v. :    No. 615 M.D. 2017
           :    Submitted: July 7, 2025
Department of Human Services, : 
               Respondent : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER       FILED: January 21, 2026

Before this Court in its original jurisdiction is the February 23, 2024 pro se Application for Summary Relief[1] (Application), in which Mindy Jaye Zied-Campbell and Dennis John Campbell (Petitioners) argue they are entitled to judgment and summary relief in their favor against the Department of Human Services (DHS) based on the allegations contained within their Petition for Review/Ancillary Petition for Review (together, Petitions). Upon careful review, the Court denies the Application.

## I. BACKGROUND

The following facts, averred in the Petitions and/or found in their attachments, are, in general, undisputed unless otherwise indicated. Petitioners are married,

---

[1] The full title of the filing is "Motion for Instant Relief Against [the Department of Human Services (DHS)] Respondent[] for Failing to File an Answer – **_or_** Alternatively for Summary Relief Pursuant to []PA Rule of Appellate Procedure 1532(b)[] Relying on [Mindy Jaye Zied-Campbell's and Dennis John Campbell's (Petitioners)] Petition for Review/Ancillary Petition for Review Along with all the Exhibits Attached to Those [sic]."

reside in Philadelphia, are individuals with disabilities, and have received, among other benefits, Medical Assistance (MA) and Supplemental Nutrition Assistance Program (SNAP), from DHS. Petitioners' interactions with DHS, and the county assistance offices (CAOs) that make initial benefit determinations, have been numerous and have resulted in significant amounts of litigation in both state and federal courts.[2] Petitioners' current CAO is the Boulevard CAO in Philadelphia County. On or about August 2, 2017, the Boulevard CAO issued a notice indicating that Ms. Zied-Campbell was no longer qualified for SNAP benefits. Ms. Zied-Campbell sought a fair hearing on August 9, 2017. A hearing was ultimately scheduled for and held September 25, 2017, at which it appears that Ms. Zied-Campbell did not participate.

---

[2] The United States Court of Appeals for the Third Circuit noted in 2013 that Petitioners

have a long history of litigating claims concerning the administration of their federal and state medical and disability benefits. *See, e.g.*, *Zied-Campbell v. Richman*, 428 F[.] App[']x[] 224 (3d Cir. 2011), *cert. dismissed*, [565] U.S. [961] . . . (2011); *Campbell v. Soc. Sec. Admin.*, 446 F[.] App[']x[] 477 (3d Cir. 2011), *cert. denied*, [565] U.S. [892] . . . (2011).

*Zied-Campbell v. Pennsylvania*, 514 F. App'x 154, 156 (3d Cir. 2013). That history began in the mid-2000s and has continued, both in state and federal courts. *See, e.g.*, *Zied-Campbell v. Commonwealth* (Pa. Cmwlth., No. 451 M.D. 2022, filed Sept. 3, 2024); *Zied-Campbell v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 1537 C.D. 2017, filed Mar. 22, 2019); *Zied-Campbell v. Comm'r of Soc. Sec.*, 739 F. App'x 140 (3d Cir. 2018); *Zied-Campbell v. Dep't of Hum. Servs.* (Pa., 547 EAL 2017, filed May 8, 2018) (per curiam); *Zied-Campbell v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 1811 C.D. 2016, filed June 1, 2017) (per curiam); *Zied-Campbell v. Dep't of Pub. Welfare* (Pa. Cmwlth., No. 2547 C.D. 2009, filed Aug. 25, 2010); *In re Campbell*, 669 F. App'x 629 (3d Cir. 2016); *Zied-Campbell v. Dep't of Pub. Welfare* (Pa. Cmwlth., No. 272 C.D. 2010, filed Dec. 22, 2010); *Zied v. Barnhart*, 2008 WL 2563519 (M.D. Pa., No. 3:06-CV-2305, filed June 20, 2008); *Zied-Campbell v. Richman*, 2007 WL 1031399 (M.D. Pa., No. 1:04-CV-0026, filed Mar. 30, 2007); *Zied-Campbell v. Dep't of Transp.* (Pa. Cmwlth., No. 84 C.D. 2005, filed July 1, 2005). Indeed, Petitioners' brief identifies "related" past cases filed in federal courts, our Supreme Court, this Court, and courts of common pleas. (Petitioners' Brief (Br.), Cover & 12-14 (unpaginated).)

On October 4, 2017, DHS's Bureau of Hearings and Appeals (BHA) issued an order dismissing the appeal filed by Ms. Zied-Campbell pursuant to 55 Pa. Code § 275.4(e)(6)(iii)(A),[3] because she had been unavailable and did not "provide good cause for not being available." (Petition for Review, Attachment 2.) Ms. Zied-Campbell sought reconsideration from the Secretary of Human Services (Secretary) on October 16, 2017, asserting the BHA's order was erroneous, and she had good cause for not attending the hearing. (*Id.*, Attachment 4.) The Secretary granted Ms. Zied-Campbell's reconsideration request on October 24, 2017. The Secretary remanded the appeal to the BHA for it "to conduct a hearing on the merits subject to considering whether there are any compelling reasons for postponing or staying the appeal." (*Id.*, Attachment 1.) The Secretary further suggested that Ms. Zied-Campbell seek legal assistance for her appeal from Philadelphia Legal Assistance or Community Legal Services, Inc., and provided the addresses and telephone numbers of those entities. (*Id.*)

On or about November 20, 2017, Petitioners filed the Petition for Review, naming only DHS as Respondent. Petitioners attached to the Petition the Secretary's Order granting reconsideration and remanding for a hearing, the BHA's order dismissing the appeal, and other documents they contend are relevant to this matter. These additional documents include Ms. Zied-Campbell's motion seeking a continuance of the underlying hearing, certain notices from the CAO, and United States Postal Service (USPS) and United Parcel Service (UPS) tracking information for some of their filings.

---

[3] This regulation states "[a]ppeals will be considered abandoned in accordance with the following: (A) If the appellant or his representative fails to appear at the scheduled hearing without good cause as determined by the hearing officer, the appeal will be considered to be abandoned and will be dismissed." 55 Pa. Code § 275.4(e)(6)(iii)(A).

On January 17, 2018, Petitioners filed their Ancillary Petition for Review (Ancillary Petition) that includes several "controlling questions of law." (Ancillary Petition at 5-7.) These "controlling questions" contain allegations as to why the Court should review and reverse the Secretary's October 24, 2017 order, assertions regarding Petitioners' ongoing entitlement to MA and SNAP benefits, legal defects and/or issues with DHS's, BHA's, and/or the CAO's determinations and processes, and the lack of good faith of those entities in addressing Petitioners' benefits. In addition to arguing that the Secretary's Order should be reversed, which constitutes the majority of the questions and argument, Petitioners assert their due process rights were violated and they are being discriminated against due to their disabilities in violation of Section 504(a) of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and Title II of the American with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12132.[4] These latter claims appear to make the Petitions ones filed pursuant to 42 U.S.C. § 1983 (Section 1983).[5] Finally, Petitioners ask that the Court use its

---

[4] Section 504(a) of the Rehabilitation Act provides, in pertinent part: "No otherwise qualified individual with a disability in the United States, . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). Title II, or Section 202, of the ADA states: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

While Petitioners reference being discriminated against based on their disabilities, they do not directly set forth in the text of the Ancillary Petition that they are bringing this claim under Section 504(a) and Title II of the ADA. Rather, the Court infers that Petitioners rely on these provisions as the basis for their discrimination claim based on the reference to those provisions in Exhibit 14, which is Ms. Zied-Campbell's request for reconsideration of the October 4, 2017 BHA order. (Ancillary Petition, Ex. 14 at 3.)

[5] Section 1983 provides:

**(Footnote continued on next page…)**

4

"discretion to make any decision it deems just under the circumstance(s), which falls outside of the normal Petition for Review process," to resolve "these issues which [are] causing so much irreparable harm on a continual basis[.]" (Ancillary Petition ¶ 2.)

As relief, Petitioners seek: reversal of the Secretary's order; reinstatement of monthly SNAP benefits in a certain amount and be declared exempt from certain reporting requirements; reassignment to a different CAO that has an ADA coordinator or person trained in how to work with persons with disabilities; access to that CAO's supervisor and director to seek assistance if needed; reimbursement for their postage relating to mailing their paperwork/documentation and mileage charges for their travel from their home to the Boulevard CAO to drop off paperwork relating to their claims; an order estopping DHS from scheduling any further hearings relating to their SNAP and/or MA benefits until all of their pending litigation is resolved; and reversal of an overpayment of SNAP benefits bill sent by Boulevard CAO, which they argue was mistakenly imposed per a letter from DHS's Operations Manager (Operations Manager). (*Id.* at 36-38.)

To the Ancillary Petition, Petitioners attach 163 pages of exhibits (some of which have their own exhibits), which include: the Petition for Review and attachments; Petitioners' request for reconsideration from the October 4, 2017 order with exhibits; filings and notices related to other litigation between Petitioners, DHS,

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

and Boulevard CAO in this Court and before the BHA; a letter from Operations Manager relating to Mr. Campbell's benefits; Petitioners' letters and motions to DHS, Operations Manager, and then-Attorney General Josh Shapiro, including attachments; and letters relating to Mr. Campbell's Veterans Administration (VA) benefits and its effect on Petitioners' benefits.

By Order dated January 29, 2018, this Court quashed the appellate portion of the Petitions because the Secretary's October 24, 2017 Order remanded for additional proceedings before the BHA, rendering that order an unappealable interlocutory order. *Zied-Campbell v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 615 M.D. 2017, filed Jan. 29, 2018). After Petitioners filed numerous applications for relief between February 6, 2018, and October 31, 2018, which were denied, no further activity occurred on this docket until February 2024.

On or about February 23, 2024, Petitioners filed the instant Application, asserting they were entitled to summary relief because DHS did not file a timely responsive pleading and based on the pleadings contained in the Petitions. DHS filed an Answer, asserting no response was required to the Petitions because they were not accompanied by a notice to plead or notice to defend. This Court, by Order dated April 19, 2024, denied summary relief based on DHS's alleged failure to respond to the Petitions and ordered briefing on "the portion of the Application which seeks summary relief based on the allegations set forth in the original jurisdiction petition for review." *Zied-Campbell v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 615 M.D. 2017, filed Apr. 19, 2024), at 1 (per curiam).

Petitioners subsequently filed, on October 16, 2024, a "Request for Relief Pursuant to Pa.[]R.A.P. 123; Pa[.]R.A.P. 1532(a); Pa[.]R.C[iv].P. 1531," which, by Order dated November 26, 2024, was held in abeyance pending a decision on the

6

present Application. *Zied-Campbell v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 615 M.D. 2017, filed Nov. 26, 2024), at 1-2 (per curiam).[6] The parties filed their briefs in support of their positions, and the Application is now ready for disposition.[7]

[6] Petitioners filed an interlocutory petition for allowance of appeal of this Order to the Supreme Court on December 5, 2024, and sought a stay of this litigation from this Court, which the Court denied. The Supreme Court administratively closed the matter on October 22, 2025.

[7] Petitioners' filings are lengthy and set forth a detailed history of, among other matters, their disabilities, their receipt of various public benefits from both DHS and the VA over time, the discontinuation of or changes to some of those benefits at various times, and the litigation Petitioners have filed against various government entities relating to their benefits and claims of discrimination. The Court has thoroughly and carefully reviewed those filings, including the exhibits attached thereto, and appreciates the effort Ms. Zied-Campbell has taken in presenting Petitioners' positions. Indeed, the Court granted an accommodation request to allow Petitioners to file a brief that exceeds the word limit set forth in Pennsylvania Rule of Appellate Procedure 2135(a)(1), Pa.R.A.P. 2135(a)(1) (imposing a 14,000-word limit on briefs).

For the purposes of reviewing the Application, however, the Court discusses only that which is relevant to resolving the **original jurisdiction** claims **presently** before the Court **as raised in the Petitions**. Accordingly, the Court does not consider arguments or facts or relief requested in Petitioners' brief, reply brief, and the attachments thereto, that are not asserted or presented in the Petitions, including issues relating to actions and decisions that occurred **after** the Ancillary Petition was filed. *See Ducjai v. Dennis*, 656 A.2d 102, 107 (Pa. 1995) (stating summary relief is properly granted where "the pleadings, depositions, answers to interrogatories, and admission[s] on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law") (internal quotation marks and citation omitted). The Court also observes that while Petitioners appear to maintain that all of their litigation is connected and must be considered, all but one of the cases cited by Petitioners have been finally resolved and the last matter in our original jurisdiction was transferred to the Court of Common Pleas of Philadelphia County by this Court on September 3, 2024. *Zied-Campbell v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 451 M.D. 2022, filed Sept. 3, 2024). "At some point litigation must end." *Commonwealth v. Peterkin*, 722 A.2d 638, 643 (Pa. 1998); *see also In re Devine's Est.*, 145 A. 300, 301 (Pa. 1929) ("Litigation must end somewhere[.]"). Indeed, "[i]t is fundamental to our legal system that all litigation must end in due course and reach a resolution that cannot be disturbed." *In re Butko*, 624 B.R. 338, 366 (Bankr., W.D. Pa. 2021). The litigation in these past matters has ended, and their resolution cannot be disturbed.

## II. DISCUSSION

### A. Legal Standards for Summary Relief

Petitioners seek summary relief on their original jurisdiction claims pursuant to Pennsylvania Rule of Appellate Procedure 1532(b), Pa.R.A.P. 1532(b), which authorizes such relief at any time after the filing of a petition for review. As the Court recently explained in another case involving Petitioners and DHS,

> Summary relief is properly granted where "the pleadings, depositions, answers to interrogatories, and admission[s] on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Ducjai v. Dennis*, 656 A.2d 102, 107 (Pa. 1995) (internal quotation marks and citation omitted). Summary relief "will be denied where material facts are in dispute or the applicant is not clearly entitled to judgment as a matter of law." *Allen v. Pa. Bd. of Prob. & Parole*, 207 A.3d 981, 984 n.4 (Pa. Cmwlth. 2019). "The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Marks v. Tasman*, 589 A.2d 205, 206 (Pa. 1991). The record in summary relief matters is the same as for an application for summary judgment and consists of "the pleadings and other documents of record, such as exhibits." *Allen*, 207 A.3d at 984 n.4. Summary relief may be entered only in those cases "where the right is clear and free from doubt." *Musser v. Vilsmeier Auction Co., Inc.*, 562 A.2d 279, 280 (Pa. 1989).

*Zied-Campbell v. Commonwealth* (Pa. Cmwlth., No. 451 M.D. 2022, filed Sept. 3, 2024), slip op. at 44.[8]

"The moving party bears the burden of proving that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Allen v. Colautti*, 417 A.2d 1303, 1307 (Pa. Cmwlth. 1980). "A

---

[8] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

material fact is one that directly affects the outcome of the case." *Logans' Rsrv. Homeowners Ass'n v. McCabe*, 152 A.3d 1094, 1099 n.8 (Pa. Cmwlth. 2017) (citation omitted). Conclusory allegations in a petition for review without supporting factual averments cannot support a grant of summary relief. *Hughes v. Council 13, Am. Fed'n of State, Cnty., & Mun. Emps., AFL-CIO*, 629 A.2d 194, 195 (Pa. Cmwlth. 1993); *see also Talbert v. Commonwealth* (Pa. Cmwlth., No. 458 M.D. 2023, filed. Jan. 10, 2025) (per curiam) (holding that the petitioner was not entitled to summary relief because the petitioner relied on "expressions of opinion and unwarranted inferences," "vague and sweeping allegations [that] contain no real factual averments and do not satisfy his burden of demonstrating that his right to relief is clear"), slip op. at 5. Once the "moving party proffers evidence indicating that a certain fact exists, the non-moving party must point to evidence in the record indicating that a conflict in the evidence warrants review by the fact finder." *Schell v. Guth*, 88 A.3d 1053, 1055-56 (Pa. Cmwlth. 2014).

### B. Due Process Violation Claims

The Court begins with Petitioners' claims that their due process rights were violated by DHS and whether their allegations on these points, and the materials attached to their Petitions, establish that no material facts are in dispute and that it is clear and free from doubt that they are entitled to summary relief on those claims. Petitioners' allegations regarding how their due process rights are violated by DHS are not clearly set forth, but the Court has carefully examined the Petitions to ascertain which could relate to such claims. It appears their main contention is that they were deprived due process because the Secretary's Order did not "list ALL offices of reference as to Legal Assistance in the area of where the pro se

9

Appellant/Appellants reside, not just a few of the choice ones [DHS] pick[s] out." (Ancillary Petition at 5.) They contend:

> The October 24, 2017 ORDER failed to list "ALL" Legal Assistance Offices that are contained in [DHS's] Standing Practice Order on their website under "Hearings and Appeals Procedure[.]"
>
> 30. It is prejudicial to choose only the legal assistance offices that you direct pro se [a]ppellants to contact. There are only two offices listed, and no referral to the Standing Procedural Order, or direction to the DHS website where many other offices are listed that an [a]ppellant proceeding without counsel can contact for assistance with their case(s).
>
> 31. For instance, the following offices are alternative offices located in the Standing Order on DHS's website which should have been listed in the October 24, 2017 ORDER but were not:
>
> [list of six legal assistance offices in the Philadelphia area with contact details.]

(*Id.* at 17-18 (bold omitted).)

They further claim that DHS should have prevented the Boulevard CAO from making any further determinations regarding Petitioners' benefits while their appeals of other determinations were pending before this Court and the Supreme Court. (*Id.* ¶¶ 15, 21; Petitioners' Brief (Br.) at 6.) In this regard, Petitioners aver that

> 48. Due process requires that [Petitioners] be heard on the initial issues first, which are already up here on appeal, rather than the lone ranger [Boulevard] CAO office making and creating additional appeals so that they can find just one [Administrative Law Judge (ALJ)] to rule in [its] favor, even as was in this case, that [Petitioners] were out of State the day [a] November 30, 2017 hearing was subsequently heard.

10

(Ancillary Petition ¶ 48.) They contend that, as of the date of the Ancillary Petition, they had not yet received a decision from the November 30, 2017 hearing, "which effects their due process rights in an adverse manner." (*Id.* ¶ 51, Ex. 13.)[9]

DHS responds that Petitioners are not entitled to summary relief because they have not met the high standard of obtaining that relief.

It is unclear from Petitioners' allegations whether they are attempting to raise a procedural due process and/or substantive due process claim. "The constitutional guarantees of due process are applicable to administrative as well as judicial proceedings." *Walker v. Unemployment Comp. Bd. of Rev.*, 381 A.2d 1353, 1354 (Pa. Cmwlth. 1978). The essential elements of procedural due process "are notice and [a] meaningful opportunity to be heard." *Dep't of Transp., Bureau of Driver Licensing v. Clayton*, 684 A.2d 1060, 1064 (Pa. 1996). "The key factor in determining whether procedural due process is denied is whether the party asserting the denial of due process suffered demonstrable prejudice." *Riccio v. Newtown Twp. Zoning Hearing Bd.*, 308 A.3d 928, 936-37 (Pa. Cmwlth. 2024); *see also D.Z. v. Bethlehem Area Sch. Dist.*, 2 A.3d 742, 749 (Pa. Cmwlth. 2010) (stating "that demonstrable prejudice is a key factor in assessing whether procedural due process was denied").

---

[9] To the extent the Exhibit 14 to the Ancillary Petition (Ms. Zied-Campbell's Request for Reconsideration from the October 4, 2017 order) references a potential due process violation, this reference related to her having good cause for not participating in the September 25, 2017 hearing and prompted the grant of reconsideration and remand for further proceedings. Any determination from those proceedings would be appealable to this Court and fall within this Court's appellate jurisdiction.

Additionally, Petitioners' brief contains other arguments and facts asserting alleged due process violations. However, those claims were not set forth in the Petitions and attachments, and, therefore, will not be considered. *See Ducjai*, 656 A.2d at 107 (explaining that the record for purposes of summary relief consists of "the pleadings, depositions, answers to interrogatories, and admission[s] on file, together with the affidavits") (citation omitted).

"The substantive component of the Due Process Clause provides protection against government interference with certain fundamental rights and liberty interests." *Taylor v. Pa. State Police*, 132 A.3d 590, 608 (Pa. Cmwlth. 2016) (citing *Khan v. State Bd. of Auctioneer Exam'rs*, 842 A.2d 936, 946 (Pa. 2004)). Where a fundamental right is implicated, "strict judicial scrutiny is applied and the statute 'may only be deemed constitutional if it is narrowly tailored to a compelling state interest.'" *Id*. at 609 (quoting *Nixon v. Commonwealth*, 839 A.2d 277, 287 (Pa. 2003)).

"The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999). "Only after finding the deprivation of a protected interest do we look to see if the State's procedures comport with due process." *Id.*

Our review of the Petitions reveals that Petitioners do not identify what "protected interest in 'property' or 'liberty'" they are being denied when DHS did not include the names and contact information of all the legal assistance offices in the Secretary's Order. *Id.* To the extent Petitioners appear to argue they have a right to have all of the legal assistance offices that are available listed on the Secretary's Order, Petitioners do not cite legal support that such a right exists. Moreover, the Court notes that "[t]he law is well settled that there is no right to counsel in civil cases," *V.S. v. Department of Public Welfare*, 131 A.3d 523, 529 (Pa. Cmwlth. 2015) (alteration in original; citation omitted), and, therefore, Petitioners cannot rely on their having a right, let alone a fundamental right, to counsel in their civil appeal to allege a substantive due process claim. Finally, the Petitions do not allege what prejudice Petitioners suffered due to the lack of a complete listing, particularly where

12

their own pleadings acknowledge that they were aware of where to find that information. (Ancillary Petition ¶ 31.)

As for Petitioners' claim that DHS violated their due process rights by not directing the Boulevard CAO to stop issuing determinations and scheduling hearings while they have appeals of other determinations pending in the appellate courts, they similarly do not identify what "protected interest in 'property' or 'liberty'" they are being denied. *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 59. The Petitions do not point to legal support for the contention that DHS must itself refrain, or direct a CAO to refrain, from acting on matters involving recipients of benefits based on those recipients having pending appeals relating to **other**, prior DHS or CAO determinations. In addition, the Petitions do not aver, beyond a conclusory statement, that DHS's actions adversely affected Petitioners' due process rights. (Ancillary Petition ¶ 51.) This Court may not rely on conclusory allegations without supporting factual averments to grant summary relief. *Hughes*, 629 A.2d at 195.

Summary relief may be granted **only** if the applicant is "**clearly** entitled to judgment as a matter of law," *Allen*, 207 A.3d at 984 n.4 (emphasis added), and there is **no doubt** that the right to summary relief exists, *Musser*, 562 A.2d at 280. For the reasons set forth above, the Petitions and record do not contain the level of clarity and lack of doubt as to Petitioners' due process claims needed to grant Petitioners summary relief. Therefore, the Application is denied as to any alleged due process claims Petitioners assert in the Petitions.

*C. Discrimination Claims*

Turning to Petitioners' discrimination claims, the Court must determine whether their allegations on these points, and the materials attached to their Petitions, establish that no material facts are in dispute and that it is clear and free from doubt

13

that they are entitled to summary relief on those claims. Petitioners allege that they were discriminated against based on their disabilities by the CAO, DHS, and those entities' employees. Their allegations in this regard are, for the most part, not expressly or clearly stated. Instead, Petitioners assert the following establishes, clearly and without any doubt, the discrimination against them based on their disabilities such that they are entitled to summary relief.

Petitioners assert that the Boulevard CAO employees testifying at hearings on prior appeals from CAO determinations were unprepared and gave incorrect testimony, which they attempt to establish by reproducing portions of hearing transcripts to which they added footnotes asserting why certain statements therein were inaccurate or false. (Ancillary Petition ¶¶ 40-45; Petitioners' Br. at 22-34.) They further maintain that the ALJs at those hearings should have left the hearings, which were held in absentia,[10] open so that Petitioners could respond. (Ancillary Petition ¶ 46.) Petitioners aver that the Boulevard CAO disregarded a letter from Operations Manager indicating they were entitled to a certain amount of SNAP benefits when the Boulevard CAO found them ineligible for those benefits six days after the Operations Manager's letter. (Ancillary Petition ¶¶ 14, 39, 43; Petitioners' Br. at 55-56, 70.) They contend that DHS submits incomplete certified records to this Court in some of Petitioners' appeals. (Ancillary Petition ¶ 13; Petitioners' Br. at 73, 97-98.) Petitioners aver that the Boulevard CAO has a history of issuing unnecessary notices and scheduling unnecessary hearings, including when they learned of a stay of one of Petitioners' appeal hearings. (Ancillary Petition ¶¶ 19-20, 35, 47, 50; Petitioners' Br. at 53, 70.) Petitioners also allege that DHS has failed

---

[10] The Court observes that Petitioners' appeal hearings are held in absentia because Petitioners participate by submitting their arguments in briefs, which is an accommodation Ms. Zied-Campbell requested on the basis of their non-physical disabilities.

14

to reimburse them for retroactive SNAP benefits as directed by an ALJ in 2016, which was a determination that was at issue in the appeal in this Court docketed at No. 1811 C.D. 2016. (Ancillary Petition ¶ 52, Ex. 12 at Item 5; Petitioners' Br. at 57-58.) Finally, Petitioners aver that someone at DHS interfered with the delivery of one of Petitioners' continuance requests, resulting in their having to send a fax to obtain the continuance. (Ancillary Petition ¶¶ 18, 22-23, 32, Ex. 2 at Item 5; Petitioners' Br. at 108.) It appears that Petitioners' claims are based on alleged violations of the ADA and/or the Rehabilitation Act. (*See* Petitioners' Br. at 9-10.)

DHS responds that summary relief should be denied because Petitioners have not clearly established, by their allegations, that they have been discriminated against where the allegations provided do not meet the elements for such a claim. DHS points out that some of Petitioners' allegations relate to claims that were filed previously against the same or related defendants and have already been resolved by various courts against Petitioners. DHS maintains that, as a matter of federal law,[11] it cannot waive program requirements and award benefits based solely on the presence of disability without altering the purpose of the program, which is not permitted. DHS further contends that any allegations regarding it having anything to do with issues with the delivery of the mail are based on conjecture and speculation. DHS maintains that Petitioners have not been excluded from any programs based on their disabilities, and there are no facts presented or case law that support Petitioners' speculation and conjecture. DHS notes that Petitioners have had

---

[11] DHS cites the regulations located at 7 C.F.R. § 273.2 (SNAP eligibility/verification requirements) and 42 C.F.R. §§ 435.940-435.965 (Medicaid/Medicare eligibility/verification requirements) as setting forth the applicable requirements that applicants for those particular benefits must meet to obtain those benefits.

the right to request assistance in completing their applications, if needed. Thus, DHS argues, Petitioners' Application should be denied.[12]

Petitioners filed a reply brief in which they assert DHS has not adequately responded to their claims and arguments.[13] (Petitioners' Reply Br. at 28-29.) Petitioners object to any factual assertions DHS made in its brief, contend that DHS has failed to rebut any of Petitioners' factual allegations, and deny that their allegations are speculative or based on conjecture. Petitioners contend that they have clearly established, through their pleadings in this matter and in all their other cases, the averments of which they attempt to incorporate here, that Petitioners are being excluded from benefits due to their disability.[14] (*Id.* at 11-15, 30-31, 125.)

---

[12] DHS responds to many of the factual allegations and arguments Petitioners include in their brief that are not contained in the Petitions and attachments; however, those additional allegations and facts will not be considered for purposes of the Application. *See Ducjai*, 656 A.2d at 107 (explaining that the record for purposes of summary relief consists of "the pleadings, depositions, answers to interrogatories, and admission[s] on file, together with the affidavits") (citation omitted).

[13] As with their initial brief, Petitioners add in their reply brief factual allegations and arguments based on those allegations beyond that asserted in the Petitions.

[14] Petitioners also argue that DHS's counsel did not physically sign his filing but used a stamp or digital image of his signature, which they assert violates 231 Pa. Code § 1023.1(b), which is Pennsylvania Rule of Civil Procedure 1023.1(b), Pa.R.Civ.P. 1023.1(b). They ask the Court to strike DHS's brief on that basis. (Petitioners' Reply Br. at 8-10.) Rule 1023.1(b) states that "[e]very pleading, written motion, and other paper directed to the court **shall be signed by** at least one **attorney of record in the attorney's individual name**, or, if the party is not represented by an attorney, shall be signed by the party." *Id.* (emphasis added). This Rule does not define the term "sign," nor does it expressly exclude the use of a stamp or an electronic/digital image of a signature. Here, DHS's filings contain the signature of its attorney of record in his individual name, and, therefore, the Court finds no violation and will not strike DHS's brief.

To state a claim under the ADA and Rehabilitation Act, which share the same elements, *Chambers ex rel. Chambers v. School District of Philadelphia Board of Education*, 587 F.3d 176, 189 (3d Cir. 2009),[15] a petitioner

> must show that: (1) [the petitioner] is a qualified individual with a disability; (2) [the petitioner] was either excluded from or otherwise denied the benefits of some public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits[,] or discrimination was by reason of the [petitioner's] disability.

*Kramer v. Port Auth. of Allegheny Cnty.*, 876 A.2d 487, 493 (Pa. Cmwlth. 2005); *see also Watson v. Dep't of Corr.*, 990 A.2d 164, 168 (Pa. Cmwlth. 2010) (holding that in order to establish a successful claim, an inmate needed to allege that the Department of Corrections discriminated against him because of his disability).

Where an individual asserts discrimination based on the failure to provide accommodations for the individual's disability, courts

> have recognized that [Section] 504 [of the Rehabilitation Act] requires some affirmative steps to accommodate handicapped persons. *Nathanson v. Med*[.] *Coll*[.] *of P*[a.], 926 F.2d 1368, 1385 (3d Cir. 1991). The burden is on the recipient of federal funds "**to show that the required modification entails a substantial alteration in order to avoid a violation of the [Rehabilitation] Act**." *Id.* "[I]f there is no factual basis in the record demonstrating that accommodating the individual would require a fundamental modification or an undue burden, then the handicapped person is otherwise qualified and refusal to waive the requirement is discriminatory." *Easley v. Snider*, 36 F.3d [297,] 302 [(3d Cir. 2004)].

*Juvelis by Juvelis v. Snider*, 68 F.3d 648, 653 (3d Cir. 1995) (emphasis added).

---

[15] "Though this Court, in its application of federal substantive law, is not bound by the decisions of federal district courts, federal circuit courts, or the courts of other states, we may cite such decisions when they have persuasive value." *Desher v. Se. Pa. Transp. Auth.*, 212 A.3d 1179, 1186 n.7 (Pa. Cmwlth. 2019).

Examining the factual allegations proffered by Petitioners "in the light most favorable to the nonmoving party," as the Court must, *Marks*, 589 A.2d at 206, it is not free from doubt that Petitioners have established all the elements of a discrimination claim under either the ADA and/or the Rehabilitation Act. It is undisputed that Petitioners are qualified individuals with disabilities. However, the facts Petitioners rely upon do not **directly** establish that they were "excluded" from services, programs, or benefits, or that, if they were excluded, that the exclusion was the result of discrimination **based on their disability**. Rather, Petitioners seek to obtain summary relief by having the court **infer** that their sweeping allegations reflect that Petitioners were discriminated against **because** of their disabilities. While Petitioners believe this to be the case, the Court is not to grant summary relief based on bald assertions, expressions of opinion, sweeping allegations, and unwarranted inferences. *Hughes*, 629 A.2d at 195; *Talbert*, slip op. at 5. Given the early stage of the proceedings and the sweeping nature of the allegations, the inferences Petitioners ask the Court to draw are unwarranted and cannot support summary relief. *Hughes*, 629 A.2d at 195; *Talbert*, slip op. at 5. In short, Petitioners have not clearly established that the facts alleged, as a matter of law, meet their own burden of proof on their discrimination claims such that their right to relief is clear. And, because Petitioners did not meet their burden of proof, DHS was not required to offer rebuttal evidence. *See Schell*, 88 A.3d at 1055-56; *Colautti*, 417 A.2d at 1307. Accordingly, Petitioners' Application is denied as to their discrimination claims.

### D. Discretionary Relief

Finally, the Court addresses Petitioners' request that it use its "discretion to make any decision it deems just under the circumstance(s), which falls outside of the

normal Petition for Review process" to provide them relief. (Ancillary Petition ¶ 2.) This, however, is not the role of the Court. While pro se litigants receive some leeway, *Martinez v. City of Reading Police Department*, 289 A.3d 1136, 1139 n.13 (Pa. Cmwlth. 2023), a party's "pro se status confers no special benefit upon the" party, *Wilkins v. Marsico*, 903 A.2d 1281, 1285 (Pa. Super. 2006) (italics omitted).[16] "It was not this Court's function to develop the parties' arguments for them." *C.M. v. Pa. State Police*, 269 A.3d 1280, 1285 (Pa. Cmwlth. 2022). Courts are "neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the [c]ourt[s] in the conflicting roles of advocate and neutral arbiter." *Id.* (quoting *Commonwealth v. Brown*, 196 A.3d 130, 185 n.21 (Pa 2018)).

### III. CONCLUSION

It is well-settled that summary relief may be granted **only** where there are no material facts in dispute **and** that it is without doubt that the moving party has a **clear** right to relief as a matter of law. *Allen*, 207 A.3d at 984 n.4; *Musser*, 562 A.2d at 280. Examining the allegations here "in the light most favorable to the nonmoving party," as the Court must, *Marks*, 589 A.2d at 206, Petitioners have not met their burden of proving a **clear** right to summary relief on their claims. Accordingly, the Application is denied.

Respondent is directed to file and serve within 30 days an Answer to Petitioners' October 16, 2024 "Request for Relief Pursuant to Pa.[]R.A.P. 123; Pa[.]R.A.P. 1532(a); Pa[.]R.C[iv].P. 1531," which this Court has held in abeyance by Order dated November 26, 2024, pending disposition of this Application.

---

[16] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (citation omitted).

19

Respondent is also directed to file and serve its Answer to the Petitions and/or a dispositive motion within 60 days.

 

_____
RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mindy Jaye Zied-Campbell and
Dennis John Campbell,
     Petitioners

   v.

Department of Human Services,
     Respondent

:
:
:
:
:  No. 615 M.D. 2017
:
:
:
:

**O R D E R**

 **NOW**, January 21, 2026, based upon the foregoing opinion, the February 23, 2024 Application for Summary Relief filed by Mindy Jaye Zied-Campbell and Dennis John Campbell (Petitioners) is **DENIED**.  Respondent Department of Human Services is **DIRECTED** to file and serve an Answer to Petitioners' October 16, 2024 "Request for Relief Pursuant to Pa.[]R.A.P. 123; Pa[.]R.A.P. 1532(a); Pa[.]R.C[iv].P. 1531," which this Court had held in abeyance by Order dated November 26, 2024, pending disposition of this Application, within 30 days of this Order.  Respondent is also **DIRECTED** to file and serve its Answer to the November 20, 2017 Petition for Review and January 17, 2018 Ancillary Petition for Review and/or a dispositive application within 60 days of this Order.

          _____
          RENÉE COHN JUBELIRER, President Judge